IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARQUIS TILMAN**                                                                              **PLAINTIFF**

v.                                                                   Civil Action No.: __2:20-cv-10-KS-MTP__

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, DEPUTY
BENJAMIN IVY, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, AND
DEPUTY "JOHN DOES" 1-5, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING DEPUTIES OF THE
CLARKE COUNTY SHERIFF'S
DEPARTMENT AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN**                                                                         **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Marquis Tilman, by counsel, and files this his *Complaint* against Clarke County, Sheriff Todd Kemp, in his individual and official capacity, Deputy Benjamin Ivy, in his individual and official capacities, and Deputy "John Does" 1-5, in their individual and official capacities, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of Plaintiff's Fourth (4th), Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, made actionable pursuant to 42 U.S.C. §1983, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county law enforcement evincing reckless disregard for the Plaintiff made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. Plaintiff is an adult resident citizen of Clarke County, Mississippi.

2. Defendant Clarke County ("Clarke Co.") is a governmental entity that may be served with process upon Angie Wade Chisholm, Chancery Clerk, located at 101 S. Archusa Avenue, Quitman, MS 39355. As part of its function, Clarke County operates Clarke County Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are named in the Complaint.

3. Defendant Sheriff Todd Kemp ("Sheriff Kemp") is an adult resident citizen of Clarke County, employed by Clarke County, and he may be served with process at his place of employment, Clarke County Sheriff's Department, located at 444 W Donald Street, Quitman, MS 39355.

4. Defendant Deputy Benjamin Ivy ("Deputy Ivy") is an adult resident citizen of Clarke County, employed by Clarke County and he may be served with process at this place of employment, located at 444 W Donald Street, Quitman, MS 39355.

5. Defendant Deputy John Does 1-5 ("Does") are adult resident citizens of Clarke County, employed by Clarke County, and they may be served with process at their place of employment, Clarke County Sheriff's Department, located at 444 W Donald Street, Quitman, MS 39355.

## JURISDICTION and VENUE

6. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under the U.S. Constitution particularly the 4th, 5th, 8th and 14th Amendments and 42 U.S.C.

§1983 and §1988. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

7. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000 (One Hundred Thousand Dollars).

## STATEMENTS

8. Plaintiff Marquis Tilman was chased down Highway 45 North by Deputy Benjamin Ivy on March 25, 2019 at approximately 3:00 p.m. Once Plaintiff was detained by Deputy Ivy, he was brutally beaten by Clarke County officials, using excessive force, handcuffs, and eventually sought medical assistance for Plaintiff's various severe injuries. During the course of this unconstitutional assault, not one single deputy or official attempted to cease the attack, intercede to prevent further abuse or offered medical assistance to Mr. Tilman despite his many requests for medical assistance. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

9. The actions involved in this case are the result of the practices, policies and/or customs of Defendant Clarke County and its' employees and policy makers including the Sheriff, Deputies, other supervisory officials, and/or other employees in the operation of the Sheriff's Department.

10. This is a claim for Federal law violations, State law negligence, and intentional torts filed by Plaintiff. These violations caused pain and suffering to Plaintiff on March 25, 2019.

11. Plaintiff was not made safe by employees of Clarke County Sheriff's Department while being detained and held within its custody. Rather, Defendants Sheriff Kemp, Deputy Ivy, and "John Does" deputies/employees of Clarke County Sheriff's Department breached their duty to monitor, care for, and provide necessary medical attention to Marquis Tilman. By doing so, Defendants were deliberately indifferent to Marquis Tilman's constitutional rights and physical welfare.

12. During the vehicle chase between Plaintiff and Defendant Deputy Ivy, Sheriff Kemp went live over the police scanner and instructed all deputies involved in the chase to beat Mr. Tilman once he was captured.

13. Defendant Deputy Ivy and "John Does" began colliding with Mr. Tilman's vehicle from all angles.

14. Subsequent to the auto-collision, Mr. Tilman was removed from his vehicle by Defendants Deputies and brutally assaulted causing severe injuries to his face, eyes, and chest.

15. No deputy, police official, or other County officer attempted to stop the beating and handcuffing of Mr. Tilman or offer medical assistance following the beating despite knowing that Plaintiff requested medical attention, and the horrible, obvious and life threatening injuries he received. Plaintiff was beaten by Defendants while in handcuffs.

16. Eventually, Plaintiff was transported by Defendants to H.C. Watkins Memorial Hospital in Quitman, MS and later transported to University Hospital in Jackson, MS where

Defendants were informed by physician on-duty that Mr. Tilman required additional medical treatment once he was released.

17. Additionally, Defendants were informed that they would need to confirm that an approved person was available to administer medicine to Plaintiff.

18. There is no nurse on staff at Defendant Clarke County's facility who was approved to administer medicine.

19. As a result, Plaintiff became ill and starting vomiting blood, because he was not given medications as directed by the physicians.

20. Despite the assault by excessive force and deliberate delay in medical assistance for Plaintiff, Defendants charged Plaintiff and he is currently still in the custody of Clarke County.

21. At all relevant times, Defendants were on duty at the sheriff's department.

22. At all relevant times, Defendant Sheriff Kemp was the commanding officer and policy maker throughout the entire incident and responsible for the actions and/or omissions of the aforementioned deputy officers. He was also responsible for insuring that Mr. Tilman was kept safe. Sheriff Kemp failed to keep Marquis Tilman safe from harm caused by the acts of those under his command.

23. The resulting injuries sustained by Plaintiff Tilman were caused solely by the Defendants, in violation of Plaintiff's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Plaintiff Tilman contributing thereto.

**FIRST CAUSE OF ACTION**
**(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

24. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Defendants Deputy Ivy and "John Does" that chased, detained, and brutally beat Mr. Tilman violated his due process rights, used excessive physical force, and/or exerted cruel and unusual punishment in taking Mr. Tilman person, handcuffing him, and beating him once he was handcuffed and defenseless. These acts were unconstitutional in violation of Mr. Tilman's 4th, 5th, 8th and 14th Amendment Rights. Mr. Tilman was in a pre-trial status as a detainee and this treatment was a violation of his due process rights to be free from cruel and unusual punishment and excessive force.

26. As a result, Mr. Tilman suffered serious injuries, pain and suffering, and fear of impending death.

## SECOND CAUSE OF ACTION
(<u>Monell</u> under 42 U.S.C. §1983)

27. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. At all relevant times, Defendants Clarke County and Sheriff Kemp maintained a custom, practice and/or policy of beating and using excessive force against prisoners who in the opinion of Detention Center employees exhibited signs of disrespect, recalcitrance or other types of resistance. Instead of simply punishing this type of behavior with non-physical, non-forceful disciplinary measures, Clarke County detention officers routinely used excessive force, barbaric measures and cruel and unusual punishment against detainees similar to Marquis Tilman.

29. This policy, custom and/or practice is deliberately indifference to the constitutional rights of individuals like Plaintiff herein and allowed for the individually-named Defendants to deprive the Plaintiff of his rights under both Federal and State law.

30. As a result of the foregoing, the Plaintiff was needlessly injured.

31. Upon information and belief, the individually-named Clarke County personnel, including "Deputy Ivy, Deputy "John Does 1-5" that beat Mr. Tilman without giving him medical care were improperly trained, supervised, and retained in violation of the standards set out by the <u>Monell</u> doctrine. Furthermore, these individually-named Defendants responsible for Mr. Tilman's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

32. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant jailers, deputies, sergeants, and Detention Center personnel, the Plaintiff was caused to suffer grave injuries, without fault or contribution by the Plaintiff.

## THIRD CAUSE OF ACTION
**(Negligent Training, Supervision and Retention as to Defendants Clarke County and Sheriff Kemp)**

33. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 26, inclusive, as if fully set forth herein.

34. At all relevant times, Defendant Clarke County and Defendant Sheriff Kemp had a duty to screen applicants for hire to its Sheriff Department, retention to its Sheriff's Department or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical,

psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

35. At all relevant times, it was the duty of Defendant Clarke County and Defendant Sheriff Kemp to sufficiently hire, train and retain personnel within the Sheriff's Department and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, deputy, sheriff department employees and/or personnel.

36. Upon information and belief, the individually-named Clarke County Sheriff's Department personnel including Sheriff Kemp, Deputy Ivy and "John Does 1-5" that beat Mr. Tilman without giving him adequate medical care once released from the University Hospital were improperly trained, supervised and retained by Defendant Clarke County. Furthermore, these individually-named Defendants responsible for Mr. Tilman's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

37. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant officers and Sheriff's Department personnel, the Plaintiff was caused to suffer grave injuries, without fault or contribution by the Plaintiff.

**FOURTH CAUSE OF ACTION**
**(Supervisory Liability under 42 U.S.C. §1983)**

38. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 31, inclusive, as if fully set forth herein.

39. Upon information and belief, among the individually-named Defendants were supervisors, like Defendant Sheriff Kemp who were assigned to supervise and control the actions of the named Clarke County Sheriff's Department.

40. This Defendant Sheriff Kemp violated his supervisory duties by ordering the assault of Mr. Tilman, failing to monitor, care for those being detained and in their custody like Plaintiff, participating in and/or ordering the vicious attack on Mr. Tilman, and failure to provide medical care thereafter, without justification. And once ordered, they failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

41. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 34, inclusive, as if fully set forth herein.

42. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the handcuffing, excessive beating and failure to obtain medical care for Mr. Tilman.

43. In particular, once Mr. Tilman was detained, and then struck by multiple officers including Deputy Ivy and then seriously injured, the Defendants' failure to stop the attack and provide medical care violated the individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

44. The failure of these Defendants to do so contravened Mr. Tilman's constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Tilman suffered serious physical injuries to his face, eye, chest, and body as a whole.

## SIXTH CAUSE OF ACTION
### (Negligence of Defendants Deputy Ivy and John Does 1-5)

45. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

46. Defendants Deputy Ivy and John Does 1-5 negligently failed to provide for the safety, security and protection of the Plaintiff by failing to comply with the County Sheriff Department's own rules of conduct as it related to use of force, the monitoring of detainees and getting medical assistance for detainees/individuals in need. Clarke County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of handcuffed, defenseless Plaintiff. The policies also required Clarke County employees to obtain medical care for those individuals/detainees who were in obvious need of such care. The named Defendants' failure to do so was in violation of these policies and constituted negligence including the negligent infliction of emotional distress.

47. As a result of the foregoing, Plaintiff sustained serious physical injuries that resulted in significant injuries to Mr. Tilman.

### SEVENTH CAUSE OF ACTION
**(Intentional Torts under Mississippi State Law – Assault and Battery)**

48. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

49. As a result of the individually-named Defendants' actions, including the beating of Mr. Tilman without justification, the Plaintiff was wrongfully assaulted and battered without just or probable cause or provocation. These actions also resulted in the intentional infliction of emotional distress.

50. As a result of the foregoing, the Plaintiff suffered serious physical injuries, pain and suffering.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for the judgment against all Defendants, including compensatory damages, punitive

damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

This, the 21st day of January, 2020.

                                            **MARQUIS TILMAN, Plaintiff**

                              **By:**    */s/ Carlos E. Moore*
                                              **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM-MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com