THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
EASTERN DIVISION

MARQUIS TILMAN                                                              PLAINTIFF

V.                                       CIVIL ACTION NO.  2:20-cv-10-KS-MTP

CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, DEPUTY
BEJAMIN IVY, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, AND
DEPUTY "JOHN DOES" 1-5, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING DEPUTIES OF THE
CLARKE COUNTY SHERIFF'S
DEPARTMENT AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN                                  DEFENDANTS

## CLARK COUNTY, SHERIFF TODD KEMP, AND
## DEPUTY BENJAMIN IVY'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now, Clarke County, Sheriff Todd Kemp and Deputy Benjamin Ivy, by and through counsel, and respond to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the

United States, the Constitution of the United States, the laws of Mississippi or the Constitution of Mississippi.

## THIRD DEFENSE

Sheriff Todd Kemp and Deputy Benjamin Ivy are entitled to qualified immunity in this matter. More specifically, Kemp and Ivy would affirmatively assert that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable under the circumstances.

## FOURTH DEFENSE

Insofar as any state law claims are concerned, answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## FIFTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SIXTH DEFENSE

## ADMISSIONS AND DENIALS

## COMPLAINT

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

As for the unnumbered paragraph which commences, "COMES NOW, Plaintiff….," the answering defendants admit that Plaintiff has named as defendants Clarke County, as well as Sheriff Kemp and Deputy Ivy in their official and individual capacities. Answering defendants deny the remaining allegations and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## PARTIES

1. Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2. Answering defendants admit that Clarke County is a political subdivision of the State of Mississippi and that it may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Answering defendants admit the allegations of paragraph 3 of Plaintiff's Complaint.

4. Answering defendants admit the allegations of paragraph 4 of Plaintiff's Complaint.

5. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

## JURISDICTION and VENUE

6.  Without waiving any limitations, restrictions or immunities, answering defendants admit that this Court has jurisdiction as Plaintiff asserts federal claims. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.  Without waiving any limitations, restrictions or immunities, answering defendants admit that venue is proper in this Court. Answering defendants deny the remaining allegations of paragraph 7 of Plaintiff's Complaint.

## STATEMENTS

8.  Answering defendants admit Plaintiff fled law enforcement officers on March 25, 2019, and that he was taken into custody. Answering defendants deny the remaining allegations of paragraph 8 of Plaintiff's Complaint, as stated.

## FACTS

9.  Answering defendants deny the allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendants deny the allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendants deny the allegations of paragraph 12 of Plaintiff's Complaint, as stated.

13. Answering defendants deny the allegations of paragraph 13 of Plaintiff's Complaint, as stated.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendants admit Plaintiff was examined by medical providers. Answering defendants deny the remaining allegations of paragraph 16 of Plaintiff's Complaint, as stated.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

18. Answering defendants deny the allegations of paragraph 18 of Plaintiff's Complaint, as stated.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint.

20. Answering defendants deny the allegations of paragraph 20 of Plaintiff's Complaint, as stated.

21. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 21 of Plaintiff's Complaint and, as such, deny the same.

22. Answering defendants admit that Sheriff Kemp is the final policymaker in Clarke County for some law enforcement decisions. Answering defendants deny the remaining allegations of paragraph 22 of Plaintiff's Complaint, as stated.

23. Answering defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
**(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

24. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-23 hereinabove as if the same were specifically set out herein.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

### SECOND CAUSE OF ACTION
**(Monell under 42 U.S.C. §1983)**

27. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-26 hereinabove as if the same were specifically set out herein.

28. Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29. Answering defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

30. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

31. Answering defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
**(Negligent Training, Supervision and Retention as to Defendants Clarke County And Sheriff Kemp)**

33. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-32 hereinabove as if the same were specifically set out herein.

34. Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

35. Answering defendants deny the allegations of paragraph 35 of Plaintiff's Complaint.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

37. Answering defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

38. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-37 hereinabove as if the same were specifically set out herein.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40. Answering defendants deny the allegations of paragraph 40 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

41. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-40 hereinabove as if the same were specifically set out herein.

42. Answering defendants deny the allegations of paragraph 42 of Plaintiff's Complaint.

43. Answering defendants deny the allegations of paragraph 43 of Plaintiff's Complaint.

44. Answering defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

### SIXTH CAUSE OF ACTION
**(Negligence of Defendants Deputy Ivy and John Does 1-5)**

45. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-44 hereinabove as if the same were specifically set out herein.

46. Answering defendants deny the allegations of paragraph 46 of Plaintiff's Complaint.

47. Answering defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

### SEVENTH CAUSE OF ACTION
**(Intentional Torts under Mississippi State Law – Assault and Battery)**

48. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-47 hereinabove as if the same were specifically set out herein.

49. Answering defendants deny the allegations of paragraph 49 of Plaintiff's Complaint.

50. Answering defendants deny the allegations of paragraph 50 of Plaintiff's Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE, THE ABOVE BEING CONSIDERED…," answering defendants deny each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled any relief whatsoever.

## SEVENTH DEFENSE

Answering defendants deny each and every allegation contained in Plaintiff's Compliant that is not specifically admitted.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

At all times, Kemp and Ivy were acting within the scope and course of their employment as a law enforcement officers and, therefore, cannot be held liable in their individual capacities insofar as any state court claims are concerned.

**TWELFTH DEFENSE**

Kemp and Ivy were at all times acting in the official scope of their duties as law enforcement officers of Clarke County, and at all times material to the allegations of the Complaint their actions were in good faith without malice and within the scope and course of their employment.

**THIRTEENTH DEFENSE**

To the extent applicable, answering defendant would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**FOURTEENTH DEFENSE**

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned.  Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendant for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## FIFTHTEENTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## SIXTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendant requests that the same be dismissed, and they be discharged with costs assessed against the Plaintiff.

**DATE:** February 25, 2020.

                                **Respectfully submitted,**

                                **CLARKE COUNTY, SHERIFF TODD KEMP AND BENJAMIN IVY**

                                BY:    /s/*William R. Allen*
                                          One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notification of the same to the following:

>Carlos E. Moore, Esq.
>The Cochran Firm-MS Delta
>P.O. Box 1487
>Grenada, MS 38902-1487
>cmoore@cochranfirm.com

This the 25th day of February, 2020.

>/s/*William R. Allen*
>OF COUNSEL