**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARQUIS TILMAN**                                                              **PLAINTIFF**

**CIVIL ACTION NO. 2:20-cv-10-KS-MTP**

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, DEPUTY
BENJAMIN IVY, IN HIS INDIVIDUAL
AND OFFICAL CAPACITIES, AND
DEPUTY "JOHN DOES" 1 -5, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING DEPUTIES OF THE
CLARKE COUNTY SHERIFF'S
DEPARTMENT AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN**                                        **DEFENDANTS**

**CLARK COUNTY, SHERIFF TODD
KEMP, AND DEPUTY BENJAMIN IVY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO SUBSTITUTE REAL PARTIES IN INTEREST</u>**

Come now Defendants Clark County, Sheriff Todd Kemp, and Deputy

Benjamin Ivy, by and through counsel, and respond in opposition to Plaintiff's Motion

to Substitute Real Parties in Interest, as follows:

**INTRODUCTION**

Plaintiff filed his initial Complaint on January 21, 2020, wherein he named as

defendants Clarke County, Sheriff Todd Kemp, Deputy Benjamin Ivy, and Deputies

Johns Does 1-5. *CM/ECF Doc. No. 1.* Plaintiff now wishes to add as defendants Deputies

Anthony Chancelor, Ryan Evans, Austin Touchstone, Justice Rawson, and Billy Lewis

in both their individual and official capacities. *See CM/ECF Doc. Nos. 11, 11-1.* Although styled as a Motion to Substitute Parties, Plaintiff's is actually one to amend his Complaint. *See CM/ECF Doc. No. 11*, p. 2 ¶ 6. For all of the reasons outlined herein, Plaintiff's Motion is due to be denied.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, leave to amend is "by no means automatic." *Ashe v. Corley*, 992 F. 2d 540, 542 (5th Cir. 1993). The Fifth Circuit has explained that this determination is "not a mechanical absolute and the circumstances and terms upon which leave is to be 'freely given' are committed to the informed, careful judgment and discretion of the trial judge as he superintends the development of a cause towards it ultimate disposition." *Freeman v. Continental Gin Co.*, 381 F. 2d 459, 468 (5th Cir. 1967). Denial of leave to amend may be "warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 364 (5th Cir. 2012).

The Fifth Circuit has interpreted "futility" to "mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000)(citations omitted). In an inquiry as to whether a proposed Amended Complaint is futile, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

## LEGAL ARGUMENT

Because Plaintiff's addition of the aforementioned defendants in their official capacities is duplicative, the Motion is due to be denied as to the official capacity claims. Inasmuch as Plaintiff's proposed amended complaint fails to meet the requisite heightened pleading standard, the amendment as to the officers in their individual capacities is futile inasmuch as the claims would be subject to dismissal. Finally, because Plaintiff's state-law claims fail to state a claim against the moving defendants due to various immunities and other protections of the Mississippi Tort Claim Act (MTCA), the Motion is likewise due to be denied as to state-law claims.

## I.      Official Capacity Claims

As an initial matter, Plaintiff has proposed the addition of five (5) defendants, Deputies Anthony Chancelor, Ryan Evans, Austin Touchstone, Justin Rawson, and Billy Lewis--all in their **official capacities**.  Suits brought against officers in their official capacities "generally represent only another way of pleading action against the entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n. 55 (1978). Such allegations are to be treated as a suit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Given that Clarke County has appeared and is defending the claims asserted, it is duplicative to name County officers in their official capacities. Because the official capacity claims against the officers would be duplicative and subject to dismissal, the Motion to add additional official capacity defendants should be denied as futile. *See e.g,*

*Castro Ramero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Estate of Manus v. Webster County, Mississippi*, 2014 WL 1285946, at *2 (N.D. Miss. 2014).

## II. Individual Capacity Federal Claims

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in Saucier is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier,* 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; *see also Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiffs "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiff's Complaint does not meet the heightened pleading standard.

Plaintiff's proposed Amended Complaint asserts the following conclusory allegations: "Once Plaintiff was detained by Deputy Ivy, he was brutally beaten by **Clarke County officials**, using excessive force, handcuffs, and eventually sought medical assistance for Plaintiff's various severe injuries…**not one single deputy or**

**official** attempted to cease the attack…." *CM/ECF Doc. No. 11-1, Am. Compl.* ¶ 12 (emphasis added). After having been removed from his vehicle, Plaintiff alleges "Defendant Deputies [ ] brutally assaulted [Plaintiff] causing injuries to his face, eyes, and chest." *Id.* at ¶ 18. "Mr. Tilman was detained, and then **struck by multiple officers**…the Defendants' failure to stop the attack and provide medical care violated the individually-named Defendants' duty to intervene…." *Id.* at ¶47 (emphasis added). Plaintiff's proposed Amended Complaint makes the very sort of conclusory, collective allegations against the defendant which the heightened pleadings standard prohibits.

Because the allegations against Deputies Ivy, Chancelor, Evans, Touchstone, Rawson and Lewis do not meet the heighted pleading standard, Plaintiff cannot overcome of the qualified immunity defenses of the individual defendants and his individual-capacity claims would be subject to dismissal. Accordingly, Plaintiff's Motion to add the new individual-capacity defendants is due to be denied as futile.

### III.    State Law Negligence Claims

Plaintiff's proposed Amended Complaint also asserts state-law negligence claims against the officers and the County. Plaintiffs' negligence claims are exclusively governed by the MTCA, which provides immunity to governmental entities and employees who act within the course and scope of their employment. *Little v. Miss. Dept. of Transp.*, 129 So.3d 132, 136 (Miss. 2013); *see also* Miss. Code Ann. § 11-46-7. However, there are exceptions to this general rule of sovereign immunity. *Id.* Specifically, Section 11-46-9(1) provides that:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (c)rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection *unless the* employee acted **in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.**

Miss. Code Ann. § 11-46-9(1)(c)(emphasis added). Importantly, "the plaintiff has the burden of proving reckless disregard by a preponderance of the evidence." *Hinds County v. Burton*, 187 So.3d 1016, 1020 (Miss. 2016).

Essentially, this exception provides two avenues of immunity: (1) if the claimant was engaged in criminal activity at the time of the incident in question, then the County is immune from suit, and; (2) even if the claimant was not engaged in criminal activity, if the officers did not act with reckless disregard, then the County is immune from suit. *See Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 1164 (Miss. 2003). Here, Plaintiff was engaged in criminal activity at the time of his pursuit and arrest.

Even were Plaintiff not engaged in criminal activity at the time, as a matter of law, a negligence claim fails because Plaintiff must show the officers acted with reckless disregard. Reckless disregard "requires **more** than a showing of **mere negligence**." *Bonner v. McCormick*, 827 So. 2d 39, 41 (Miss. Ct. App. 2002)(emphasis added). The Mississippi Supreme Court has explained that "[r]eckless disregard usually is accompanied by a **conscious indifference to consequences amounting almost to a**

**willingness that harm should follow**." *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999)(emphasis added).  The Court has further explained that "reckless disregard embraces willful or wanton conduct which requires **knowingly and intentionally** doing a thing or wrongful act." *Turner v. Ruleville*, 735 So. 2d 226, 230 (Miss. 1999) (emphasis added); see also, *Foster v. Noel*, 715 So. 2d 174 (Miss. 1998)(holding that willfulness and wantonness include an element of "intent to harm").  In order to be considered "'reckless' for purposes of Section 11-46-9(1)(c), the conduct must be 'willful or wanton,' not merely negligent." *City of Clinton v. Tornes*, 252 So.3d 34, 38 (Miss. 2018)(citation omitted).

Because, as a matter of law, a negligence claim does not constitute reckless disregard, the claims against the County its officers arising out of alleged negligent conduct fail, and as such, would be subject to dismissal. Inasmuch as the claims would be subject to dismissal for the purposes of Rule 12(b)(6), the inclusion of negligence claims in the proposed Amended Complaint is futile, and the motion to amend should be denied.

## IV.    Assault and Battery

For the purposes of the MTCA, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2).  The MTCA does not waive "immunity from liability against…claims for assault, battery… or any claim

which involves allegations of malice." *Ducksworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. 2015)(citing *McPhail v. City of Jackson*, No. 3:13–CV–146–HSO–RHW, 2014 U.S. Dist. LEXIS 84962, at *28–*29 (S.D. Miss. June 23, 2014); *R.S. v. Starkville Sch. Dist.*, No. 1:12–CV–88–SA–DAS, 2013 U.S. Dist. LEXIS 134264, at *43–*45 (N.D. Miss. Sept. 19, 2013); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12–CV–229–TSL–MTP, 2013 U.S. Dist. LEXIS 9600, at *17–*18 (S.D. Miss. Jan. 24, 2013); *McBroom v. Payne*, No. 1:06–CV–1222–LG–JMR, 2010 U.S. Dist. LEXIS 107124, at *23–*24 (S.D. Miss. Oct. 6, 2010)).

Because the County and its officers in their representative capacities are immune as to the assault and battery claims, the inclusion of said claims in the proposed Amended Complaint is futile and, as such, Plaintiff's Motion should be denied as to the representative capacity assault and battery claims. To the extent the newly identified defendants are not immune against assault and battery claims in their individual capacities for acting outside the course and scope of their duties, this Court should decline to exercise supplemental jurisdiction inasmuch as, for the reasons outlined hereinabove, the federal claims against the newly-identified officers fail.

## CONCLUSION

For all of the reasons outlined hereinabove, Plaintiff's Motion to Substitute Real Parties should be denied.

**Date:  May 7, 2020.**

Respectfully submitted,

**CLARKE COUNTY, SHERIFF TODD KEMP AND BENJAMIN IVY**

By:    */s/ Jessica S. Malone*
        One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## CERTIFICATE OF SERVICE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys of record for Defendants, Clarke County, Sheriff Todd Kemp and Benjamin Ivy, hereby certify that I have this day I electronically filed the above Response in Opposition to Plaintiff's Motion to Substitute Real Parties in Interest with the Clerk of the Court using the ECF system which gave notification of the same to the following:

Carlos E. Moore
The Cochran Firm–MS Delta
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cohranfirm.com

This the 7th day of May, 2020.

        */s/ Jessica S. Malone*
        OF COUNSEL