**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MARQUIS TILMAN**                                                                 **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:20-cv-10-KS-MTP**

**CLARKE COUNTY,** *et al***.**                                                       **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the Court on Plaintiff's Motion to Substitute Party of Interest [11], which the Court construes as a motion for leave to file an amended complaint.  Plaintiff brought this action on January 21, 2020 alleging various violations of the United States Constitution and state law relating to an encounter he had with law enforcement.  Comp. [1].  He named Clarke County, Sheriff Todd Kemp, Deputy Benjamin Ivy, and Deputy John Does 1-5 as Defendants.

Plaintiff seeks leave to amend his Complaint to assert claims against Deputy Anthony Chancelor, Deputy Ryan Evans, Deputy Austin Touchstone, Justin Rawson, and Billy Lewis, all in their individual and official capacities.  He also seeks to amend the date of the alleged incident from March 25, 2019 to March 21, 2019.  Defendants do not oppose the change of date but do oppose the substitution of parties.

The Motion [11] is governed by Federal Rule of Civil Procedure 15(a)(2) because Plaintiff must seek leave to amend his Complaint at this stage of the case.  Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires."  When considering the appropriateness of an amended pleading a court must review several factors including (1) undue delay, (2) bad faith on the part of the movant, (3) repeated failure to cure

deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) the futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

The first four factors weigh in favor of granting the amendment. Plaintiff has not delayed in requesting leave to amend and filed the Motion [11] within the time allowed by the Case Management Order [10]. Defendants have not argued that the motion is brought in bad faith or that they will be prejudiced by the amendment. This is also the first motion to amend, therefore, Plaintiff has not repeatedly failed to cure deficiencies with prior amendments.

Defendants primarily argues that this amendment should be denied because it is futile. The Fifth Circuit has defined futility to mean "that the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). The Court cannot conclude, on this limited record, that the claims against the new proposed Defendants are plainly futile. A challenge to the sufficiency of the claims can be addressed by dispositive motions at the appropriate time.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [11] to Substitute Party of Interest is GRANTED. Plaintiff shall file the proposed amended complaint on or before May 13, 2020.

SO ORDERED, this the 7th day of May, 2020.

s/Michael T. Parker
United States Magistrate Judge