IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARQUIS TILMAN**                                                               **PLAINTIFF**

V.                                                              Civil Action No.: 2:20-cv-10-KS-MTP

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, DEPUTY
BENJAMIN IVY, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, AND
DEPUTY "JOHN DOES" 1-5, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING DEPUTIES OF THE
CLARKE COUNTY SHERIFF'S
DEPARTMENT AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN**                                     **DEFENDANTS**

## CLARKE COUNTY, SHERIFF TODD KEMP AND
## BENJAMIN IVY'S MOTION FOR JUDGMENT ON PLEADINGS

Come now Defendants Clarke County, Mississippi, Sheriff Todd Kemp and Deputy Benjamin Ivy, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Motion for Judgment on the Pleadings, as follows:

1. This matter arises out of a March 25, 2019, pursuit during which Plaintiff fled Clarke County law enforcement officers in his vehicle. Eventually, Plaintiff was stopped and arrested by Deputy Ivy. Plaintiff's Complaint alleges that, once detained by Ivy, he was "brutally beaten" by Clarke County deputies and denied medical care. *CM/ECF Doc. No. 1*, ¶ 8.

2. Plaintiff's Amended Complaint asserts the following claims against the moving defendants under 42 U.S.C. § 1983: (1) purported violations of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (2) *Monell* claims against Clarke County and the movants in their official capacities; (3) supervisory liability and failure to train and supervise as to Sheriff Kemp; and (4) failure to intervene. Plaintiff also asserts state-law tort claims for assault and battery and negligence.

3. As an initial matter, given that Clarke County has appeared and is defending the claims asserted, the County officers in their "official capacities" are duplicative and unnecessary defendants. *See Castro Ramero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Estate of Manus v. Webster County, Mississippi*, 2014 WL 1285946, at *2 (N.D. Miss. 2014). Because the official capacity claims against the officers are duplicative, Kemp and Ivy in their official capacities are subject to dismissal.

4. The individual capacity defendants are entitled to qualified immunity. In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in Saucier is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it

would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

5. To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). In fact, a Plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; *see also Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires Plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with Plaintiff). Plaintiffs "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the Plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

6. Plaintiff's Amended Complaint makes the very sort of conclusory, collective allegations against the individual – capacity defendants which the heightened pleadings standard prohibits. More specifically, Plaintiff fails to allege with any particularity how the movants were involved in Plaintiff's medical care or lack thereof, who committed acts of excessive force and what those specific acts were, who among the individual capacity defendants were supposedly supervisors that were vicariously liable

for other officers' conduct, or how each of the defendants failed to intervene in any unconstitutional conduct. Significantly, Plaintiff fails to allege how Sheriff Kemp directly was involved in **any** of the aforementioned pursuit, use of force, medical care, or failure to intervene. Because personal involvement is a necessary element in an individual capacity claim, counts 1, 2, and 5 are due to be dismissed as Defendant Kemp. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).

7. Individual liability under 42 U.S.C. §1983 "may not be predicated on the doctrine of *respondeat superior;*" rather, "[o]nly the direct acts or omissions of government officials … will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Plaintiff's Fourth Cause of Action is one asserted solely under a theory of supervisory or vicarious liability. More specifically, Plaintiff alleges "among the individually-named Defendants were supervisors, like Defendant Sheriff Kemp[,] who were assigned to supervise and control the actions of the named Clarke County Sheriff's Department [officers]." *Am. Compl.* ¶ 43. There can be no liability for an individual capacity Defendant unless Plaintiff can point to direct involvement in the constitutional deprivation. *See Coleman*, 113 F.3d at 534. Any claims asserted against Kemp solely under a theory of vicarious or supervisory liability are due to be dismissed.

8. As for the inadequate medical care claim, Plaintiff, in addition to failing to meet the heightened pleading standard, has failed to plead facts which support a finding that he was subjected to a constitutional violation. To state a claim for denial of adequate medical care, a claimant must show a sufficiently culpable state of mind on the part of

the official sued, namely that the official acted with "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Put simply, the Plaintiff must demonstrate that the Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

9. Plaintiff concedes that he was "transported by defendants to H.C. Watkins Memorial Hospital and later transported to University Hospital in Jackson, Mississippi…." *Compl.* ¶ 20. Rather, Plaintiff alleges he simply did not receive the follow-up medical care which he desired. Such allegations do not state a cognizable Section 1983 claim.

10. Plaintiff's Amended Complaint further alleges that "[t]here was no nurse on staff at defendant Clarke County's facility who was approved to administer medicine." *Am. Compl.* ¶ 22. To the extent that Plaintiff's inadequate medical care claims arise out of the Clarke County Jail not having a nurse on staff to distribute medication, this claim is likewise not viable. "Prisoners have no constitutional right to have their medication dispensed by a licensed medical practitioner." *Ates v. Norsworthy,* 2017 WL 6210902, at *2 (W.D. Tex. 2017)(citing *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1116 (N.D. Tex. 2001); *Grant v. Aubrey Cole Law Enforcement Ctr.*, 2012 WL 3112060, at *7 (E.D. Tex. 2012); *Benefield v. Humphreys Cty. Sheriff Dep't*, 2015 WL 4635429, at *2 (M.D. Tenn. 2015). Plaintiff's Amended Complaint fails to sufficiently allege a constitutional violation against the

Movants and, furthermore, fails to plead facts sufficient to demonstrate either acted in an objectively unreasonable manner. As such, this claim must be dismissed.

11. Plaintiff's First Cause of Action alleges that he suffered a violation of his rights under the Eighth Amendment of the U.S. Constitution. However, Plaintiff's Amended Complaint alleges that he was, at all times relevant to his claim, a pre-trial detainee. *Am. Compl.* ¶ 29. A pre-trial detainee's rights do not arise out of the Eighth Amendment, but rather the Fourteenth Amendment right to due process. *Morrow v. Harwell*, 768 F.2d 619, 625–6 (5th Cir.1985)("Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, rather than by the Cruel and Unusual Punishment Clause of the Eighth Amendment."); *see also Eason v. Frye,* 972 F. Supp. 2d 935, 941 (S.D. Miss. 2013). Because Plaintiff allege he was a pre-trial detainee at the time of the incident, Plaintiff's Eighth Amendment claim is due to be dismissed.

12. Plaintiff alleges that Deputy Ivy, among others, pursued Plaintiff's vehicle and during said chase "began colliding with Mr. Tilman's vehicle from all angles." *Am. Compl.* ¶ 17. However, court records show that it was Plaintiff who was charged and convicted of assault on an officer as a result of ramming **his car** into the patrol vehicle of Deputy Anthony Chancellor. *See Charging Aff.,* CLT-(TILMAN)-000013; *Sentencing Order*, CLT-(TILMAN)-000051 through CLT-(TILMAN)-000053, attached hereto as **Exhibit A.** The favorable termination rule found in *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes Plaintiff from recovering damages for an alleged violation of his constitutional rights arising out of the commission of his crime. *Id*.

13. As for the claims asserted against Clarke County, as outlined hereinabove, Plaintiff has failed to plead an underlying constitutional violation. The failure to demonstrate a necessary element of his claims against the County is fatal to the same. *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)(holding that a constitutional violation is an essential element in a 1983 claim against a municipality). In light of Plaintiff's failure to adequately plead that the suffered a constitutional deprivation, the claims against Clarke County must be dismissed.

14. Plaintiff's Amended Complaint also asserts state-law negligence claims against the officers and the County. Plaintiffs' negligence claims are exclusively governed by the MTCA, which provides immunity to governmental entities and employees who act within the course and scope of their employment. *Little v. Miss. Dept. of Transp.*, 129 So.3d 132, 136 (Miss. 2013); *see also,* Miss. Code Ann. § 11-46-7. Defendants are immune from such claims under the police function exemption found in the MTCA. Miss. Code Ann. 11-46-9(1)(c). Essentially, this exception provides two avenues of immunity: (1) if the claimant was engaged in criminal activity at the time of the incident in question, then the County is immune from suit, and; (2) even if the claimant was not engaged in criminal activity, if the officers did not act with reckless disregard, then the County is immune from suit. *See Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 1164 (Miss. 2003). Here, Plaintiff was engaged in criminal activity at the time of his pursuit and arrest, as evidenced by the charge and conviction of assault on a police officer. *See Charging Aff.; Sentencing Order.*

15.     Even were Plaintiff not engaged in criminal activity at the time, as a matter of law, a negligence claim fails because Plaintiff must show the officers acted with reckless disregard. Reckless disregard "requires **more** than a showing of **mere negligence**." *Bonner v. McCormick,* 827 So. 2d 39, 41 (Miss. Ct. App. 2002)(emphasis added).  The Mississippi Supreme Court has explained that "[r]eckless disregard usually is accompanied by a **conscious indifference to consequences amounting almost to a willingness that harm should follow**." *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999)(emphasis added).  The Court has further explained that "reckless disregard embraces willful or wanton conduct which requires **knowingly and intentionally** doing a thing or wrongful act." *Turner v. Ruleville,* 735 So. 2d 226, 230 (Miss. 1999)(emphasis added); *see also*, *Foster v. Noel*, 715 So. 2d 174 (Miss. 1998)(holding that willfulness and wantonness include an element of "intent to harm").  In order to be considered 'reckless' for purposes of Section 11-46-9(1)(c), the conduct must be 'willful or wanton,' not merely negligent." *City of Clinton v. Tornes*, 252 So.3d 34, 38 (Miss. 2018)(citation omitted).

16.     Because Plaintiff was engaged in criminal conduct at the time of his arrest, and because, as a matter of law, a negligence claim does not constitute reckless disregard, the movants are entitled to immunity under the MTCA. All claims against the officers[1] arising out of alleged negligent conduct fail, and as such, are subject to dismissal.

---

[1] Sheriff Kemp and Deputy Ivy in their individual capacities are also immune from suit because they were acting the course and scope of their employment. *See* Miss. Code Ann. § 11-46-7(2). Notably, there is a rebuttable presumption both were acting in the course and scope of their employment. Miss. Code Ann. § 11-46-5.

17. The MTCA does not waive "immunity from liability against…claims for assault, battery… or any claim which involves allegations of malice." *Ducksworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. 2015)(citing *McPhail v. City of Jackson*, No. 3:13–CV–146–HSO–RHW, 2014 U.S. Dist. LEXIS 84962, at *28–*29 (S.D. Miss. June 23, 2014); *R.S. v. Starkville Sch. Dist.*, No. 1:12–CV–88–SA–DAS, 2013 U.S. Dist. LEXIS 134264, at *43–*45 (N.D. Miss. Sept. 19, 2013); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12–CV–229–TSL–MTP, 2013 U.S. Dist. LEXIS 9600, at *17–*18 (S.D. Miss. Jan. 24, 2013); *McBroom v. Payne*, No. 1:06–CV–1222–LG–JMR, 2010 U.S. Dist. LEXIS 107124, at *23–*24 (S.D. Miss. Oct. 6, 2010)). For the purposes of the MTCA, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2). The County and its officers in their representative capacities are immune as to the assault and battery claims, the assault and battery claims as to those defendants are due to be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, based on the authorities cited herein, as well as those arguments asserted in the movants' Motion for Judgment on the Pleadings, the moving defendants are entitled to dismissal of Plaintiff's claims.

**DATE:** **June 3, 2020.**

Respectfully submitted,

**CLARKE COUNTY, SHERIFF TODD KEMP AND BENJAMIN IVY**

By: <u>/s/ Jessica S. Malone</u>
      One of their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys of record for Defendants, Clarke County, Sheriff Todd Kemp and Benjamin Ivy, hereby certify that I have this day I electronically filed the above Motion for Judgment on the Pleadings, which gave notice to the following attorneys of record:

   Carlos E. Moore
   The Cochran Firm–MS Delta
   P.O. Box 1487
   Grenada, MS 38902-1487
   cmoore@cohranfirm.com


This the 3rd day of June, 2020.          */s/ Jessica S. Malone*
                                                OF COUNSEL