# GENERAL AFFIDAVIT

**THE STATE OF MISSISSIPPI**
**CLARKE COUNTY**

BEFORE ME, Sheila Johnson, A Justice Court Deputy Clerk of Clarke County

Eric O'Neil  ON Information and belief

Makes affidavit that Marquise Terrell Tillman on or about 3/21/2019 in the County aforesaid, did willfully and unlawfully violate the state laws to wit:

did willfully, unlawfully, feloniously attempt to cause serious bodily injury to Deputy Anthony Chancelor by ramming his 2019 gray Nissan car into the side of Deputy Chancelor's patrol car during a chase on highway 45 north thereby manifesting extreme indifference to the value of human life. This incident took place in Clarke County Ms.

Assault, Aggravated on Law enforcement officer {97-3-7(b)}

Against the peace and dignity of the State of Mississippi

*[signature: Eric O'Neil]*

Sworn to and subscribed before me, this 22 day of March, 2019.

**EXHIBIT A**

Clarke County Justice Court Clerk
By: *Sheila Johnson* D.C.

Case Number F190046

CLT-(TILLMAN)-000013

**IN THE CIRCUIT COURT OF CLARKE COUNTY, MISSISSIPPI**
**10TH JUDICIAL DISTRICT**

**THE STATE OF MISSISSIPPI**

**VS.**                                                             **Cause No. 2019-95, Count III**

**MARQUISE TERRELL TILLMAN**                                        **DEFENDANT**
**B/M; DOB: ▮▮▮▮▮▮  SSN: ▮▮▮▮▮▮**

## ORDER ACCEPTING GUILTY PLEA AND IMPOSING SENTENCE

THIS CAUSE came before the Court this day for hearing pursuant to a Guilty Plea filed with the Court by the Defendant. The State appeared by and through the District Attorney and the Defendant appeared with Counsel. The Defendant requested to withdraw the plea of not guilty and offered to enter a plea of guilty to the felony offense of **Aggravated Assault of a Peace Officer in violation of Section 97-3-7(2)(a), Mississippi Code of 1972, Annotated.** The Court then placed the Defendant under oath and questioned the Defendant to ascertain the voluntariness of the plea and that the Defendant understood the Defendant's Constitutional rights, and the consequences of the plea which was offered by *Petition to Enter Guilty Plea* filed herein. The Court reviewed the petition in detail with the Defendant. During this hearing, the Court answered any and all questions from the Defendant regarding the *Petition to Enter Guilty Plea* and the effect of the plea of guilty. The Court found that the Defendant understandingly, knowingly, willingly and voluntarily waived all of the Defendant's Constitutional rights as stated in the petition and entered the plea of guilty to the felony offense of **Aggravated Assault of a Peace Officer in violation of Section 97-3-7(2)(a), Mississippi Code of 1972, Annotated.**

IT IS THEREFORE ORDERED that the Defendant is adjudicated guilty of the crime of **Aggravated Assault of a Peace Officer in violation of Section 97-3-7(2)(a), Mississippi Code of 1972, Annotated,** and that the Defendant is sentenced to serve a term of **TWENTY (20) years** in the custody of the Mississippi Department of Corrections with **EIGHT (8) years** initially suspended and **FIVE (5) years** of post-release supervision according to the provisions of Section 47-7-34, Mississippi Code of 1972, under the supervision of the Mississippi Department of Corrections. After the Defendant has completed the service of **TWELVE (12) years** in the custody of the Mississippi Department of Corrections and is honorably discharged therefrom, the Defendant is remanded to the supervision of staff of the Mississippi Department of Corrections ("Field Officer") to serve the post-release supervision portion of this sentence. **The State will nolle prosse Counts I and II as part the plea recommendation.** *The State will not pursue an unindicted Felony Fleeing regarding the Quitman PD and Officer Tom Costello.*

It is the order of the court that <u>You shall comply with the following conditions. Failure to abide by any one of these conditions is sufficient to revoke the post-release supervision portion of this order. Post-release supervision is a privilege. It is not a right. It may be revoked for the slightest violation of this order. The conditions are as follows:</u>

(A)  The Defendant shall hereafter commit no offense against the laws of this State or of any other State or of the United States of America.

(B) The Defendant shall obey all orders of the Court and the Probation Officer.
(C) The Defendant shall avoid injurious or vicious habits, totally abstaining and avoiding the use of barbiturates, narcotics, marijuana, or any other habit-forming drugs including all controlled substances.
(D) The Defendant shall avoid persons and places of disreputable or harmful character and specifically avoid association with any persons previously convicted of a crime or presence at any location where a criminal act is being committed.
(E) The Defendant shall report to the Probation Officer in person today and in person once per month beginning one (1) month following this date or as directed by the Probation Officer. The Defendant must report in person as directed unless specifically excused by the Probation Officer in advance.
(F) The Defendant shall permit the Probation Officer to visit the Defendant at home or where ever the Defendant may otherwise be found without restrictions, reluctance, or delay.
(G) The Defendant shall not leave Clarke County without the express written consent and permission of the Court and/or the Probation Officer. The Defendant must remain within the State of Mississippi unless authorized on proper application to the Court and/or the Probation Officer. The procedure for making application is available upon request to the Probation Officer.
(H) The Defendant shall immediately notify the Probation Officer of any changes in address, employment, marital status, or arrest. The Defendant may not wait until a scheduled reporting date but must make this notice without delay.
(I) The Defendant shall pay a post-release supervision fee of $55.00 per month.
(J) The Defendant shall support all dependents as required by law and shall be of honorable conduct at all times; and have lawful employment.
(K) The Defendant shall pay a $500.00 fine, $500.00 to the Crime Victim's Compensation Fund, restitution to Clarke County, Mississippi of $966.31 and Court costs of $420.50 for a total of $2,386.81, payment of which shall be an additional condition of post-release.
(Check Appropriate Box)
☐ to be paid in full, or
☐ to be paid at a rate of $_____ per month beginning on the _____th day of _____ 2019, and a like payment on the 15th day of each month thereafter until paid in full.
☑ terms to set with Probation Officer immediately upon release from MDOC.
The Court points out that it has questioned the Defendant as to ability to make these payments at the present time. The Defendant has stated that the Defendant can and will make these payments based on financial ability at this time. Failure to make these payments is a violation of probation which can result in revocation of the suspended portion of the Defendant's sentence just like the violation of any other condition set out in this order.
(L) The Defendant shall abstain from the use of alcohol in any form at any time. The use of alcohol may result in the revocation of the suspended portion of the Defendant's sentence just like the violation of any other condition set out in this order.
(M) THE DEFENDANT HEREBY WAIVES EXTRADITION TO THE STATE OF MISSISSIPPI FROM ANY JURISDICTION IN OR OUTSIDE OF THE UNITED STATES WHERE HE MAY BE FOUND AND ALSO AGREES THAT HE WILL NOT CONTEST ANY EFFORT BY ANY JURISDICTION TO RETURN HIM TO THE STATE OF MISSISSIPPI.
(N) The Defendant shall submit, as provided in Section 1 of House Bill 354, 1983 Regular Session, to any type of breath, saliva, or urine chemical analysis test, the purpose of which is to detect the possible presence of alcohol or any substance prohibited or controlled by any law of the State of Mississippi or of the United States.
(O) The Defendant shall not possess or have under the Defendant's control any firearm or deadly weapon as outlined by Federal and State statutes.
(P) The Defendant agrees that as a condition of supervision, the Defendant will submit the Defendant's person, place or residence, automobile, recreational vehicle, clothing personal property, and personal effects and any/all other areas and property under the Defendant's control, care or custody to a search at any time, with or without probable cause by any MDOC officer or any other law enforcement officer. This shall be the Order of the Court and the agreement between the parties.
(Q) The Defendant shall supply any necessary information for compliance with any law relating to sex offender registration, driver's license revocation or any other requirement of law caused by this conviction as well as any DNA collection requirement.

(R)  The Defendant waives the right to receive Earned Discharge Credits during any period in which the Defendant is not following the Defendant's conditions of probation/PRS, including payments of fines, fees, restitution and supervision fees. Further, MDOC shall not grant Earned Discharge Credits until further notice of the Court for this Defendant for so long as the Defendant is non-compliant with the terms of probation/PRS for this Defendant.

IT IS FURTHER ORDERED that any cash bond posted by the Defendant will be forfeited and applied to the above referenced amounts due.

**The Defendant shall receive credit for Two Hundred Seventy-three (273) days of pre-trial incarceration as follows: March 21, 2019-December 18, 2019.**

You are hereby advised that under the laws of the State of Mississippi, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation alter, modify, extend, terminate, or direct the enforcement of the above sentence. *The Defendant shall be immediately transported to MDOC.*

SO ORDERED AND ADJUDGED, this, the 18 day of Dec, 2019.

_____
HON. ROBERT T. "BO" BAILEY
CIRCUIT JUDGE, 10th DISTRICT

Agreed and Approved:

_____
Office of the District Attorney

Marquise Tilman
_____
Defendant

_____
Defense Attorney