## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**MARQUIS TILMAN**                                                                 **PLAINTIFF**

**V.**                                                        Civil Action No.:  **2:20-cv-10-KS-MTP**

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, DEPUTY
BENJAMIN IVY, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, AND
DEPUTY "JOHN DOES" 1-5, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING DEPUTIES OF THE
CLARKE COUNTY SHERIFF'S
DEPARTMENT AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN**                                                  **DEFENDANTS**

### CLARKE COUNTY, SHERIFF TODD KEMP
### BENJAMIN IVY'S MEMORANDUM OF AUTHORITIES IN
### SUPPORT OF MOTION FOR JUDGMENT ON PLEADINGS

Come now Defendants Clarke County Sheriff Todd Kemp and Clarke County

Deputy Benjamin Ivy, by and through counsel, and pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure, submit their Memorandum of Authorities in Support

of Motion for Judgment on the Pleadings, as follows:

### INTRODUCTION

This matter arises out of a March 25, 2019, vehicular pursuit in which Plaintiff

fled Clarke County law enforcement officers. Eventually, Plaintiff was stopped and

arrested by Deputy Ivy. Plaintiff's Complaint alleges that once detained by Ivy, he was

"brutally beaten" by Clarke County deputies and denied medical care. *CM/ECF Doc. No. 1*, ¶ 8.  Plaintiff's Complaint asserts both state and federal claims.

Plaintiff has since filed an Amended Complaint, wherein he names additional defendants in their individual and official capacities.  For all of the reasons outlined herein, the movants are entitled to dismissal of the claims against them.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. S*ee, e.g., Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *Robertson v. Mullins*, 2:12-CV-57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a Motion for Judgment on the Pleadings under Rule 12(c) is the same as that for addressing a Motion to Dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendants' Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). The complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not

permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

CLAIMS

Plaintiff's Amended Complaint asserts the following claims against the moving defendants under 42 U.S.C. § 1983: (1) violations of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (2) a *Monell* claim against Clarke County and the movants in their official capacities; (3) supervisory liability (failure to train and supervise) as to Sheriff Kemp; and (4) failure to intervene. Plaintiff also asserts state-law tort claims for assault, battery and negligence.

LEGAL ARGUMENT

Defendants Sheriff Kemp and Deputy Ivy are due to be dismissed in their official capacities as duplicative defendants. In addition, Plaintiff's claims against Kemp and Ivy fail to meet the heightened pleading standard required for such claims. As such, many of the individual-capacity claims asserted against Sheriff Kemp and Deputy Ivy are due to be dismissed. Finally, because the moving defendants are entitled to immunities and other protections of the Mississippi Tort Claim Act (MTCA), Plaintiff's state-law claims are due to be dismissed, at least in part, as well.

I.    **Federal Claims — Duplicative Official Capacity Claims**

Plaintiff has sued Clarke County, as well as Sheriff Kemp and Deputy Ivy in their official capacities. Suits brought against officers in their official capacities "generally represent only another way of pleading action against the entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n. 55 (1978).

3

Such allegations are to be treated as a suit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Given that Clarke County has appeared and is defending the claims asserted, the County officers in their "official capacities" are duplicative and unnecessary defendants. *See Castro Ramero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Estate of Manus v. Webster County, Mississippi*, 2014 WL 1285946, at *2 (N.D. Miss. 2014). Because the official capacity claims against the officers are duplicative, Kemp and Ivy in their official capacities should be dismissed.

## II.    Federal Claims—Kemp and Ivy Individual Capacity

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson v.*

*Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in Saucier is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

"Personal involvement is an essential element of a civil rights cause of action" asserted against an officer in his individual capacity. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983); *see also Borden v. Jackson County*, 2012 U.S. Dist. LEXIS 134400 (S.D. Miss. Aug. 24, 2012)(holding that a Plaintiff must demonstrate personal participation in alleged unconstitutional conduct).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

In fact, a Plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; *see also Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires Plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir.

1994)(burden of negating qualified immunity defense lies with plaintiff).  Plaintiffs "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the Plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

### A.    Excessive Force, Due Process, Cruel/Unusual Punishment, Supervisory liability, Failure to Intervene.

In support of his First Cause of Action, Plaintiff asserts that Deputy Ivy, among others, "chased, detained, and brutally beat Mr. Tilman" in  a manner violative of his Fourth, Fifth, Eighth and Fourteenth Amendment rights under the U.S. Constitution. *Am. Compl.* ¶ 29. In support of his Second Cause of Action, Plaintiff maintains that "the individually-named Clarke County personnel, including Deputy Ivy, beat Mr. Tilman without giving him medical care." *Am. Compl.* ¶ 35. As for his Fourth Cause of Action, Plaintiff alleges "the individually-named Defendants were supervisors, like Defendant Sheriff Kemp [,] who were assigned to supervise and control the actions of the named Clarke County Sheriff's Department." *Id.* at ¶ 43. Plaintiff's Fifth Cause of Action alleges that "once Tilman was detained, and then struck by multiple officers including Deputy Ivy and then seriously injured, the Defendants' failure to stop the attack and provide medical care violated the individually-named Defendants' duty to intervene…." *Id.* at ¶ 47.

As an initial matter, Plaintiff fails to allege how Sheriff Kemp was directly involved in **any** of the alleged misconduct. Because personal involvement is a necessary element in an individual capacity claim, counts 1, 2, and 5 are due to be dismissed as Defendant Kemp. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).

Moreover, Plaintiff's Amended Complaint makes the very sort of conclusory, collective allegations against the defendants which the heightened pleading standard prohibits. More specifically, Plaintiff fails to allege with any particularity how the movants were involved in Plaintiff's medical care or lack thereof, who committed specific acts of excessive force when and why the same were committed as well as what those acts were, who among the individual capacity defendants were supervisors, or how each of the defendants failed to intervene in any unconstitutional conduct.

Inasmuch as the Amended Complaint fails to meet the heightened pleading standard, Plaintiff cannot overcome of the qualified immunity defenses of the individual defendants and his individual-capacity claims are subject to dismissal.

## B.    <u>Supervisory Liability: Sheriff Kemp</u>

Individual liability under 42 U.S.C. §1983 "may not be predicated on the doctrine of *respondeat superior*;" rather, "[o]nly the direct acts or omissions of government officials … will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Plaintiff's Fourth Cause of Action is one asserted solely under a theory of supervisory or vicarious liability. More specifically, Plaintiff alleges "among the individually-named Defendants were supervisors, like

Defendant Sheriff Kemp[,] who were assigned to supervise and control the actions of the named Clarke County Sheriff's Department [officers]." *Am. Compl*. ¶ 43.

There can be no liability for an individual - capacity Defendant unless Plaintiff can demonstrate direct involvement in the constitutional deprivation. *See Coleman*, 113 F.3d at 534. There are no such allegations here and claims asserted against Kemp solely under a theory of vicarious or supervisory liability are due to be dismissed.

### C.   Inadequate Medical Care

To state a claim for denial of adequate medical care, a claimant must show a sufficiently culpable state of mind on the part of the official sued, namely that the official acted with "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  More specifically, a prisoner must demonstrate "deliberate indifference to [the prisoner's] serious medical needs, constituting the unnecessary and wanton infliction of pain…." *Id*.  In *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999), the Fifth Circuit explained that "[u]nder the 'deliberate indifference' standard, a prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety.'" *Id*. (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Put simply, the Plaintiff must demonstrate that the Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Significantly, in cases where the complaint is one for a delay in medical care rather than a complete deprivation, an inmate must also demonstrate that he suffered

"substantial harm" as a result of the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff concedes that he was "transported by Defendants to H.C. Watkins Memorial Hospital and later transported to University Hospital in Jackson, Mississippi…." *Compl.* ¶ 20.  As such, this is not a case in which Plaintiff was denied medical care outright but an allegation of a delay in receiving medical care. Regardless, Plaintiff has failed to provide particularized allegations as to how each of the defendants were involved in any way in his medical care, what actions they took, when and why. Furthermore, to the extent Plaintiff simply complains he did not received the medical care which he desires, such allegations do not state a cognizant claim under Section 1983. Plaintiff has clearly failed to allege a constitutional violation by Kemp or Ivy or that their conduct was objectively unreasonable under the circumstances. As such, his claims must be dismissed or, in the alternative a *Schultae* Reply required. In addition to Plaintiff's inadequate medical care allegations failing to meet the heightened pleadings standard as to the individual-capacity defendants, the claim is also due to be dismissed because Plaintiff alleges he simply did not receive the medical care which he desired. Such allegations do not state a cognizable Section 1983 claim.

Plaintiff's Amended Complaint also contends that "[t]here was no nurse on staff at Defendant Clarke County's facility who was approved to administer medicine." *Am. Compl.* ¶ 22. To the extent that Plaintiff's inadequate medical care claims arise out of the

Clarke County Jail not having a nurse on staff to distribute medication, this claim is meritless. It is well-settled that

> [p]risoners have no constitutional right to have their medication dispensed by a licensed medical practitioner. Federal law, furthermore, does not require that medication be dispensed solely by licensed practitioners.

*Ates v. Norsworthy,* 2017 WL 6210902, at *2 (W.D. Tex. 2017)(citing *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1116 (N.D. Tex. 2001); *Grant v. Aubrey Cole Law Enforcement Ctr.*, 2012 WL 3112060, at *7 (E.D. Tex. 2012); *Benefield v. Humphreys Cty. Sheriff Dep't*, 2015 WL 4635429, at *2 (M.D. Tenn. 2015).

Plaintiff's Amended Complaint fails to sufficiently allege a constitutional violation against the Movants and, furthermore, fails to plead facts sufficient to demonstrate either acted in an objectively unreasonable manner. As such, this claim must be dismissed.

### D.   Eighth Amendment Claims.

Plaintiff's First Cause of Action also alleges he suffered a violation of his rights under the Eighth Amendment of the U.S. Constitution. However, Plaintiff's Amended Complaint alleges that he was, at all times relevant to his claim, a pre-trial detainee. *Am. Compl.* ¶ 29.

A pre-trial detainee's rights do not arise out of the Eighth Amendment, but rather the Fourteenth Amendment right to due process. *Morrow v. Harwell*, 768 F.2d 619, 625–6 (5th Cir. 1985)("Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, rather than by the Cruel and Unusual Punishment Clause of

the Eighth Amendment."); *see also, Eason v. Frye,* 972 F. Supp. 2d 935, 941 (S.D. Miss. 2013). Because Plaintiff allege he was a pre-trial detainee at the time of the incident, Plaintiff's Eighth Amendment claim is due to be dismissed.

### III.    Federal Claims—*Heck v. Humphrey*

Plaintiff alleges that Deputy Ivy, among others, pursued Plaintiff's vehicle and during said chase "began colliding with Mr. Tilman's vehicle from all angles." *Am. Compl.* ¶ 17.  However, State Court records show that it was Plaintiff who was charged and convicted of assault on an officer as a result of ramming **his car** into the patrol vehicle of Deputy Anthony Chancellor. *See Charging Aff.,* CLT-(TILMAN)-000013; *Sentencing Order*, CLT-(TILMAN)-000051 through CLT-(TILMAN)-000053.

The favorable termination rule found in *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes Plaintiff from recovering damages for an alleged violation of his constitutional rights arising out of the commission of his crime.  *Id.*

> "[I]f the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus."

*Ballard v. Burton,* 444 F.3d 391, 396 (5th Cir. 2006)(citing *Heck*, 512 U.S. at 486-87).  As such, when a Plaintiff seeks to recover damages under Section 1983, courts must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence and, if it would, the suit must be dismissed

unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* (emphasis added).

Here, a finding by this Court that the movants used excessive force by means of colliding their patrol cars into that Plaintiff's vehicle would necessarily invalidate the finding of the state court that, to the contrary, it was Plaintiff who assaulted one of the pursing officers by "ramming" his vehicle into the deputy's patrol car. As such, any claims arising out of the collision during the officers' pursuit of Plaintiff are due to be dismissed.

## IV.    Federal Claims: Clarke County

As for the claims asserted against Clarke County, as outlined hereinabove, Plaintiff has failed to plead an underlying constitutional violation. The failure to demonstrate a necessary element of his claims against the County is fatal to the same. *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)(holding that a constitutional violation is an essential element in a 1983 claim against a municipality). In light of Plaintiff's failure to adequately plead that the suffered a constitutional deprivation, the claims against Clarke County must be dismissed.

## V.    State Law Claims—Negligence

Plaintiff's Amended Complaint also asserts state-law negligence claims against the officers and the County. Plaintiffs' negligence claims are exclusively governed by the MTCA, which provides immunity to governmental entities and employees who act within the course and scope of their employment. *Little v. Miss. Dept. of Transp.*, 129 So.3d 132, 136 (Miss. 2013); *see also* Miss. Code Ann. § 11-46-7. While the MTCA is a

general waiver of sovereign immunity, a number of restrictions, limitations and
immunities remain. In particular here, Section 11-46-9(1) provides that:

> (1) A governmental entity and its employees acting within the
> course and scope of their employment or duties shall not be
> liable for any claim:
>
> (c) rising out of any act or omission of an employee of a
> governmental entity engaged in the performance or execution
> of duties or activities relating to police or fire protection *unless
> the* employee acted **in reckless disregard of the safety and
> well-being of any person not engaged in criminal activity at
> the time of injury.**

Miss. Code Ann. § 11-46-9(1)(c)(emphasis added). Importantly, "the Plaintiff has the
burden of proving reckless disregard by a preponderance of the evidence." *Hinds
County v. Burton*, 187 So.3d 1016, 1020 (Miss. 2016).

Essentially, this exception provides two avenues of immunity: (1) if the claimant
was engaged in criminal activity at the time of the incident in question, then the County
is immune from suit, and; (2) even if the claimant was not engaged in criminal activity,
if the officers did not act with reckless disregard, then the County is immune from suit.
*See Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 1164
(Miss. 2003). Here, Plaintiff was engaged in criminal activity at the time of his pursuit
and arrest, as evidenced by the charge and conviction of assault on a police officer. *See
Charging Aff.; Sentencing Order.*

Even were Plaintiff not engaged in criminal activity at the time, as a matter of
law, a negligence claim fails because Plaintiff must show the officers acted with reckless
disregard. Reckless disregard "requires **more** than a showing of **mere negligence**."

*Bonner v. McCormick*, 827 So. 2d 39, 41 (Miss. Ct. App. 2002)(emphasis added).  The Mississippi Supreme Court has explained that "[r]eckless disregard usually is accompanied by a **conscious indifference to consequences amounting almost to a willingness that harm should follow**." *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999)(emphasis added).  The Court has further explained that "reckless disregard embraces willful or wanton conduct which requires **knowingly and intentionally** doing a thing or wrongful act." *Turner v. Ruleville,* 735 So. 2d 226, 230 (Miss. 1999)(emphasis added); *see also Foster v. Noel*, 715 So. 2d 174 (Miss. 1998)(holding that willfulness and wantonness include an element of "intent to harm").  In order to be considered 'reckless' for purposes of Section 11-46-9(1)(c), the conduct must be 'willful or wanton,' not merely negligent." *City of Clinton v. Tornes*, 252 So.3d 34, 38 (Miss. 2018)(citation omitted).

Because Plaintiff was engaged in criminal conduct at the time of his arrest, and because, as a matter of law, a negligence claim does not constitute reckless disregard, the movants are entitled to immunity under the MTCA. All claims against the officers[1] arising out of alleged negligent conduct fail, and as such, are subject to dismissal.

## VII.   State Law Claims: Assault and Battery

For the purposes of the MTCA, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the

---

[1] Sheriff Kemp and Deputy Ivy in their individual capacities are also immune from suit because they were acting the course and scope of their employment. *See* Miss. Code Ann. § 11-46-7(2). Notably, there is a rebuttable presumption both were acting in the course and scope of their employment. Miss. Code Ann. § 11-46-5.

employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2).  The MTCA does not waive "immunity from liability against…claims for assault, battery… or any claim which involves allegations of malice." *Ducksworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. 2015)(citing *McPhail v. City of Jackson*, No. 3:13–CV–146–HSO–RHW, 2014 U.S. Dist. LEXIS 84962, at *28–*29 (S.D. Miss. June 23, 2014); *R.S. v. Starkville Sch. Dist.*, No. 1:12–CV–88–SA–DAS, 2013 U.S. Dist. LEXIS 134264, at *43–*45 (N.D. Miss. Sept. 19, 2013); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12–CV–229–TSL–MTP, 2013 U.S. Dist. LEXIS 9600, at *17–*18 (S.D. Miss. Jan. 24, 2013); *McBroom v. Payne*, No. 1:06–CV–1222–LG–JMR, 2010 U.S. Dist. LEXIS 107124, at *23–*24 (S.D. Miss. Oct. 6, 2010)).

Because the County and its officers in their representative capacities are immune as to the assault and battery claims, the assault and battery claims as to those Defendants are due to be dismissed with prejudice.

## CONCLUSION

Based on the authorities cited herein, as well as those arguments asserted in the movants' Motion for Judgment on the Pleadings, the moving defendants are entitled to dismissal.

**DATE:**        **June 3, 2020.**

Respectfully submitted,

**CLARKE COUNTY, SHERIFF TODD KEMP AND BENJAMIN IVY**

By:     */s/ Jessica S. Malone*
         One of their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE OF SERVICE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys of record for Defendants, Clarke County, Sheriff Todd Kemp and Benjamin Ivy, hereby certify that I have this day I electronically filed the above Memorandum of Authorities, which gave notice to the following attorneys of record:

Carlos E. Moore
The Cochran Firm–MS Delta
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cohranfirm.com

This the 3rd day of June, 2020.

*/s/ Jessica S. Malone*
OF COUNSEL