# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MARQUIS TILMAN**                                                                           **PLAINTIFF**

**v.**                                                          **Civil Action No.: 2:20-cv-10-KS-MTP**

**CLARKE COUNTY, SHERIFF TODD**
**KEMP, IN HIS INDIVIDUAL AND**
**OFFICIAL CAPACITY, DEPUTY**
**BENJAMIN IVY, IN HIS INDIVIDUAL**
**AND OFFICIAL CAPACITIES, AND**
**DEPUTY ANTHONY CHANCELOR, DEPUTY**
**RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,**
**DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY**
**LEWIS, IN THEIR INDIVIDUAL AND OFFICIAL**
**CAPACITIES REPRESENTING DEPUTIES OF THE**
**CLARKE COUNTY SHERIFF'S DEPARTMENT**
**AND/OR OTHER EMPLOYEES, INCLUDING**
**SUPERVISORY OFFICIALS WHOSE IDENTITIES**
**ARE CURRENTLY UNKNOWN**                                                             **DEFENDANTS**

___

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**
___

COMES NOW Plaintiff Marquis Tilman ("Plaintiff"), by counsel and files this his *Response in Opposition to Defendants' Motion for Judgment on the Pleadings*. Plaintiff moves this Honorable Court to deny the *Defendants' Motion for Judgment on the Pleadings*, and as grounds, therefore, would state as follows:

1. This matter arises out of a March 25, 2019, vehicle chase after which Defendants Deputy Benjamin Ivy, Deputy Anthony Chancelor, Deputy Ryan Evans, Deputy Austin Touchstone, Deputy Justin Rawson, and Deputy Billy Lewis beat Plaintiff at the direction of their boss, Sheriff Todd Kemp.

2.     Plaintiff is entitled to relief for his claims pursuant to 42 U.S.C. §1983; (1) violations of Plaintiff's 4th and 14th Amendment rights; (2) *Monell* claims against Clarke County and the Defendants in their official capacities; (3) supervisory liability, negligent training, supervision, and retention; and (4) failure to intervene. Plaintiff is also entitled to relief pursuant to MTCA for assault and battery, and reckless disregard.

3.     Defendants, in their Motion, request the dismissal of Sheriff Kemp and Deputy Ivy in their official capacities, stating since "Clarke County is defending the claims, the County officers in their 'official capacities' are duplicative . . . ." *JM/ECF Doc. No. 17*, ¶ 3. Plaintiff does not object to the dismissal of the official capacity claims against Sheriff Kemp and Deputy Ivy.

4.     Defendants' also contend Plaintiff's Amended Complaint fails to meet the heightened pleading standard required by the Fifth Circuit. *Id.* at ¶ 5, (*citing Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003). However, Plaintiff in his Amended Complaint alleged he was "removed from his vehicle by Defendants Deputies and brutally assaulted . . ." and "No deputy, police official, or other County officer attempted to stop the beating . . . or offer medical assistance . . . ." *Am. Compl.* ¶ 18, 19. Plaintiff also stated the six Deputies that were involved in the pursuit and it is clear that these were the six Deputies that are responsible for the unconstitutional attack on Plaintiff. *Id.* at ¶ 17. Therefore, Plaintiff respectfully requests that this Honorable Court finds that Plaintiff's Amended Complaint, does meet the heighted pleading standard, showing cause with the supporting Memorandum of Law. For the sake of efficiency, in the alternative, Plaintiff requests that this Honorable Court grants Plaintiff leave to file a Second Amended Complaint.

5.     Defendants' also contends that the individual capacity claims against Defendant Sheriff Kemp should be dismissed because Sheriff Kemp was not "personally involved" with the

claims as is required with individual capacity claims. *JM/ECF Doc. No. 17* ¶ 6. However, Plaintiff alleged in his Amended Complaint that Sheriff Kemp "went live over the police scanner and instructed all deputies involved in the chase to beat Mr. Tilman once he was captured." *Am. Compl.* ¶ 16. However, the Fifth Circuit has held that when individuals perform police functions and a jury can find that a violation of the constitution has occurred, a jury could also find that "officers [are] liable for their integral participation in the violation." *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989), *citing Creamer v. Porter*, 754 F.2d 1311, 1131-17 (5th Cir. 1985). Moreover, since Defendant Sheriff Kemp directed the Deputies under his command to beat Plaintiff, Sheriff Kemp was an integral participant to the constitutional violation. Thus, the Plaintiff respectfully requests that the Defendants' Motion for the dismissal of the individual capacity claims against Sheriff Kemp be denied.

6.     For the same reasons asserted in the previous paragraph, Plaintiff respectfully requests that Defendants' Motion for the dismissal of the supervisory liability claims against Sheriff Kemp be denied. Moreover, "a supervisory official's failure to supervise, control, or train an offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."" *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (upheld in *Bullock v. SMCI Medical Department*, CIVIL ACTION No. 2:08cv75-MTP (S.D. Miss. Aug. 3, 2009). Defendant Sheriff Kemp encouraged and specifically instructed the deputies under his command

to beat Plaintiff, there for Sheriff Kemp can be held liable for the claims asserted under vicarious or supervisory liability.

7.  In regards to the inadequate medical care claims, Plaintiff did allege adequate facts in his Amended Complaint to amount to a deliberate indifference on behalf of Defendants. Defendants correctly state that in an inadequate medical care claim, the Plaintiff must show the Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *JM/ECF Doc. No. 17* ¶ 8, (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). However, Defendants falsely state the allegations of Plaintiff. *Id.* at ¶ 9. Plaintiff did not allege that he did not receive medical care he desired as the Defendants claim. Correctly stated, Plaintiff alleged "Defendants were informed by physician on-duty that Mr. Tillman required additional medical treatment once he was released" *Am. Compl.* ¶ 20. The subsequent medical treatment was specifically ordered by a licensed medical physician, and Defendants deliberately disregarded this order.

8.  The Defendants' also acted with deliberate indifference in ensuring Plaintiff received his prescribed medicine appropriately and such indifference caused Plaintiff to vomit blood. *Am. Compl.* ¶ 20. Plaintiff alleges the physician he saw specifically "informed [the] [Defendants] that they would need to confirm that an approved person was available to administer medicine to Plaintiff" *Id.* at 21. Defendants, by not following the direction of the medical professional, caused great injury to Plaintiff. Thus, Defendants' actions "clearly evince a wanton disregard for any serious medical needs", and Defendants' motion to dismiss Plaintiff's inadequate medical claims should be denied. *Domino*, 239 F.3d at 756.

9. Plaintiff does not object to the dismissal of claims arising under the Eighth Amendment.

10. Plaintiff does not object to the preclusion of damages arising from the colliding of vehicles between Plaintiff and the Defendant Deputies.

11. Plaintiff's claims against Clarke County are adequate as they do state constitutional violations, a necessary element of §1983 claims. *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997). Plaintiff respectfully requests that this Honorable Court find the same and deny Defendants' Motion to dismiss claims against Clarke County, or, in the alternative, grant Plaintiff leave to amend the complaint.

12. Plaintiff's state law claims are governed by the Mississippi Tort Claims Act ("MTCA") *see* Miss. Code Ann. § 11-46-7. Defendants correctly stated that the avenues of immunity under the MTCA are (1) if the claimant was engaged in criminal activity at the time of the incident in question, then the County is immune from suit; and, (2) the officers must have acted with reckless disregard to hold the County liable. *See Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 164 (Miss. 2003). However, Defendants wrongfully allege that Plaintiff was involved in criminal activity at the time of the arrest. *JM/ECF Doc. No. 17* ¶ 14. Plaintiff has conceded to precluding damages that arise to the vehicular chase, however, at the time of the arrest, Plaintiff was not engaged in criminal activity. The sole basis for Plaintiff's criminal charges arise out of the collision of vehicles during the chase, not Plaintiff attempting to strike Defendants after the chase which would amount to criminal activity. Once the chase was over, Plaintiff was no longer engaged in criminal activity, thus the injuries Plaintiff sustained from the beating Plaintiff endured do not arise out of criminal activity and the County should not be dismissed on these grounds.

13. Plaintiff respectfully requests that this Honorable Court grant Plaintiff leave to file a Second Amended Complaint to appropriately plead reckless disregard as opposed to negligence. As Defendants stated in their Motion for Judgment on the Pleadings, "The Mississippi Supreme Court has explained that '[r]eckless disregard usually is accompanied by a conscious indifference to consequences amounting almost to a willingness that harm should follow.'" *JM/ECF Doc. No. 17* ¶ 15 (*quoting Turner v. Ruleville*, 735 So. 2d 226, 230 (Miss. 1999). Plaintiff intends to show Defendants deliberately beat him as to teach him a lesson, actions that have been custom in Clarke County for quite some time. Defendants intended to harm Plaintiff and the injuries Plaintiff sustained adequately reflect such. Plaintiff therefore request leave of this Honorable Court to amend the Complaint.

14. Plaintiff does not object to dismissing the assault and battery claims against the County and its officers in their official capacities.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff moves this Court to deny Defendants' Motion for Judgment on the Pleadings. Additionally, Plaintiff prays for any and all other general relief this Honorable Court may deem fair and just.

Respectfully submitted, this the 24th day of June, 2020.

                **MARQUIS TILMAN, Plaintiff**

          **By:**  */s/ Carlos E. Moore*
              **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM-MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Jessica S. Malone, Esq.
jmalone@aabalegal.com
William R. Allen, Esq.
wallen@aabalegal.com
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
*Attorneys for Defendants*

THIS, the 24th day of June, 2020.

_/s/ Carlos E. Moore_____
CARLOS E. MOORE, ESQ.