**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARQUIS TILMAN**                                                                                     **PLAINTIFF**

**v.**                                                       **Civil Action No.: 2:20-cv-10-KS-MTP**

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, DEPUTY
BENJAMIN IVY, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, AND
DEPUTY ANTHONY CHANCELOR, DEPUTY
RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY
LEWIS, IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES REPRESENTING DEPUTIES OF THE
CLARKE COUNTY SHERIFF'S DEPARTMENT
AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                                      **DEFENDANTS**

---

**PLAINITFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS**

---

COMES NOW Plaintiff Marquis Tilman, by and through counsel, and submits this his *Memorandum of Authorities in Support of Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings*, as follows:

**INTRODUCTION**

This matter arises out of a March 25, 2019, vehicle chase after which Defendants Deputy Benjamin Ivy, Deputy Anthony Chancelor, Deputy Ryan Evans, Deputy Austin Touchstone, Deputy Justin Rawson, and Deputy Billy Lewis beat Plaintiff at the direction of their boss, and direct supervisor, Sheriff Todd Kemp. For all the reasons outlined herein, Plaintiff moves this Court to deny Defendants' Motion to dismiss as to some claims, and does not object to others.

1

## STANDARD OF REVIEW

Defendants correctly state that a court evaluates a motion for Judgment on the pleadings under Federal Rule of Civil Procedure 12(c), using the same standards that govern a motion to dismiss pursuant to Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 209-10 (5th Cir. 2010). However, Defendants fail to explain that "the movant sustains a **very** high burden." *Jackam v. Hospital Corp. of American Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)(emphasis added). Further, "[a] complaint must not be dismissed unless it is shown that plaintiff can prove no set of facts in support of this claim, which would entitle him to relief." *Id.* (citation omitted).

When considering a motion under Rule 12(c) or 12(b)(6), the court must "accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff." *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001); *see also, Modonna v U.S.*, 878 F.2d 62, 65 (1989). In order to survive the motion to dismiss, the court need only find that the plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## LEGAL ARGUMENT

Plaintiff does not object to the dismissal of Defendants Sheriff Kemp and Deputy Ivy in their official capacities, as the County has appeared and is defending the claims. Next, Plaintiff's Amended Complaint does meet the heightened pleading standard required by the Fifth Circuit, and in the instant that this Court finds to the contrary, Plaintiff hereby requests leave to amend the pleading. Additionally, the claims against Sheriff Kemp and Deputy Ivy are not due for

dismissal. Finally, while the movants are entitled to immunities under the Mississippi Tort Claims Act ("MTCA"), the Defendants fail to acknowledge the facts allege in the Amended Complaint that negate those immunities.

**I.     Federal Claims – Duplicative Official Capacity Claims**

Defendants correctly assert that official capacity claims "generally represent only another way of pleading action against the entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Thus, Plaintiff does not object to the dismissal of the official capacity claims against Defendants Sheriff Kemp and Deputy Ivy.

**II.    Federal Claims – Kemp and Ivy Individual Capacity**

Defendants were correct in stating that law enforcement officers enjoy the privileges of qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). Defendants also correctly stated that a law enforcement officer enjoys this privilege "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Most notably, Defendants correctly stated that qualified immunity grants "ample protection to all but the plainly incompetent or **those who knowingly violate the law**." *Malley v. Briggs*, 475 U.S. 333, 341 (1986) (emphasis added).

The two-part analysis courts use to evaluate qualified immunity claims guides us here. The questions courts ask are (1) "whether Plaintiff's allegations establish a constitutional violation"; and (2)". . . whether the right was clearly established." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Further, as Defendants stated, the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

Defendants also correctly asserted that "personal involvement is an essential element of a civil rights cause of action" against individual capacity officers. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). However, the Fifth Circuit has held when individuals perform police functions, and a jury can find that a violation of the constitution has occurred, a jury could also reasonably find that "officers [are] liable for their integral participation in the violation." *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989)(citing *Creamer v. Porter*, 754 F.2d 1311, 1131-17 (5th Cir. 1985)); *see also Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). Moreover, in determining whether an officer violated the Fourth Amendment rights of a plaintiff, the Sixth Circuit held "a supervisory official's failure to supervise, control, or train the offending individuals is not actionable unless the supervisor either **encouraged** the specific incident of misconduct or in some other way directly participated in it." *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991)(emphasis added).

Next, Defendants also appropriately stated the rules governing the requirements of a complaint in which the defendant could assert qualified immunity as a defense. In qualified immunity cases, the plaintiff "must speak to the factual particulars of the alleged actions." *Floyd v. city of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433,34 (5th Cir. 1995)). Essentially, as Defendants stated, a Plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate qualified immunity." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995); *see also Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires Plaintiffs rest complaint on more than conclusions alone).

**A. <u>Excessive Force, Due Process, Cruel/Unusual Punishment, Supervisory Liability, Failure to Intervene.</u>**

In the First Cause of Action, Plaintiff asserted claims of excessive force in violation of Mr. Tilman's due process rights, specifically alleging that Defendant Deputies "beat [Plaintiff] once he was handcuffed and defenseless", at the direction of their boss Sheriff Kemp. *Am. Compl.* ¶ 16, 29. In the Second Cause of Action, Plaintiff asserted *Monnell* claims, alleging "Clarke County and Sheriff Kemp maintained a custom, practice and/or policy of beating and using excessive force against prisoners who, in the opinion of Detention Center employees, exhibited signs of disrespect, recalcitrance, or other types of resistance." *Id.* at ¶ 32. Further, Plaintiff alleges these customs and policies amount to deliberate indifference towards constitutional rights, specifically when Defendants refused to provide further medical treatment to Plaintiff at the direction of the treating physician. *Id.* at ¶ 20, 21, 33, 35. The Third and Fourth Cause of action arise from negligent supervision and supervisory liability stemming from the order to beat Plaintiff given by Defendant Sheriff Kemp, and an established pattern or practice of misconduct, so well settled as to constitute custom or a policy. *Id.* at ¶ 33, 44.

Defendants assert that Sheriff Kemp was not directly involved in any of the alleged misconduct. However, Plaintiff clearly alleged in the Amended Complaint that Sheriff Kemp encouraged his deputies to beat Plaintiff. *Am. Compl.* at ¶ 16. Plaintiff believes Sheriff Kemp did so by transmitting these instructions over the police scanner. *Id*. Since Sheriff Kemp was an "integral participant" in the beating of Mr. Tilman, Plaintiff moves this Court to deny the dismissal of the individual capacity claims against Sheriff Kemp. *See Melear*, 862 F.2d 1177, 1186 (5th Cir. 1989)

Defendants also contends Plaintiff's Amended Complaint makes "conclusory" allegations against the Defendants that do not satisfy the heightened pleading standard, however, Plaintiff alleged multiple times that he was beaten by Defendants Deputies after he was handcuffed. *Am.*

*Compl.* at 29. To Plaintiff's knowledge, Defendants Deputy Ivy, Deputy Chancelor, Deputy Evans, Deputy Touchstone, Deputy Rawson, and Deputy Lewis were the Deputies on scene, responsible for carrying out the orders of Sheriff Kemp, and beating Plaintiff after he was restrained. *Id*. Each officer had a duty to stop the brutal attack, but, with the approval of their boss Sheriff Kemp, none of them objected to do so. This is as particular as a man being brutally beaten is able to recall. Thereby, Plaintiff moves this Court to find the Amended Complaint does meet the heightened pleading standard, or in the alternative, grant Plaintiff leave to amend the pleading.

    B. **Supervisory Liability: Sheriff Kemp**

Defendants are correct in stating that supervisors must be directly involved in violations to be held liable, however, Defendants ignore the allegations against Sheriff Kemp which state he ordered his officers to beat Plaintiff. Moreover, the Fifth Circuit has held when individuals perform police functions, and a jury can find that a violation of the constitution has occurred, a jury could also reasonably find that "officers [are] liable for their integral participation in the violation." *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989)(citing *Creamer v. Porter*, 754 F.2d 1311, 1131-17 (5th Cir. 1985)); *see also Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).This is also tantamount to the type of "direct involvement" the Sixth Circuit has held is required to hold a supervisor liable for the misconduct of his/her subordinates. *Hall*, 932 F.2d 1147, 1154 (6th Cir. 1991)(holding a supervisory official's failure to supervise, control, or train the offending individuals is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it). Lastly, the Fifth Circuit has held "a complaint alleging that a police supervisor has notice of culpable conduct of his subordinates and has failed to prevent a recurrence of such misconduct states a §1983 claim."

*Sims v. Adams*, 537 F.2d 829, 832 (5th Cir. 1976)(citing *Chestnut v. City of Quincy*, 513 F.2d 91 (5th Cir. 1975).

Defendants contend that there are no such allegations which point to Sheriff Kemp's direct involvement and the claims asserted under theories of vicarious or supervisory liability are due for dismissal. However, the Amended Complaint clearly indicates Sheriff Kemp directed his Deputies to beat Plaintiff. *Am. Compl.* at ¶ 16. Further, the Amended Complaint also alleges actionable claims in regards to Sheriff Kemp's disregard for continued misconduct, so much so, misconduct could be deemed a pattern and practice. *Id.* at ¶ 32. Thus, the dismissal of these claims are subject to denial by this Honorable Court.

### C. <u>Inadequate Medical Care</u>

Defendants correctly state that in an inadequate medical care claim, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(*quoting Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Defendants further correctly stated that a plaintiff must show the officials responsible for the inadequate medical care acted with "deliberate indifference" towards the medical wellbeing of the claimant. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Moreover, Defendants correctly stated a claimant must show "deliberate indifference to [the claimants] serious medical needs, constituting the unnecessary and wanton infliction of pain . . . ." *Id.*

Plaintiff does not deny he was eventually taken to receive medical treatment, however, the treating physician advised Defendants that Plaintiff needed subsequent medical treatment, and the proper administration of Plaintiff's medicines. *Am. Compl.* at ¶ 20, 21. Defendants'

recollection of Plaintiff's claims are incorrect. Plaintiff did not allege he simply did not receive the medical treatment he desired, as Defendants allege, Plaintiff instead alleges Defendants refused to provide subsequent medical treatment even though the doctor specifically informed Defendants of these needs. Because of Defendants deliberate indifference towards Plaintiff's serious medical needs, Plaintiff was forced to endure excruciating pain, and vomiting of blood. *Id*. at ¶ 23.

This deliberate and wanton indifference towards the medical needs of Plaintiff do arise to a violation of the Fourteenth Amendment Rights granted to Plaintiff by the U.S. Constitution. Further, Plaintiff's Amended Complaint does meet the pleading standard required by the Fifth Circuit. Plaintiff thereby moves this Court to deny the dismissal of the inadequate medical care claims, or, in the alternative, grant Plaintiff leave to amend the pleadings.

### D. Eighth Amendment Claims

Defendants correctly state that rights granted to pre-trial detainees arise under the Fourteenth Amendment as opposed to the Eighth Amendment. *Morrow v. Harwell*, 768 F.2d 619, 625-6 (5th Cir. 1985). Thus, Plaintiff does not object to the dismissal of the claims that arise under the Eighth Amendment.

### III. Federal Claims – *Heck v. Humphrey*

Defendants correctly assert the preclusions of damages from an alleged constitutional violation which arise out of the commission of a crime. *Heck v. Humphrey*, 512 U.S. 477 (1994). Notably, Plaintiff does not object to the preclusion of damages which only arise from the colliding of Plaintiff vehicle with Deputy Chancelor. *See Charging Aff.*, CLT-(TILLMAN)-000013. Plaintiff reserves the right to recover damages from all other constitutional violations

including, but not limited to, damages arising from the beating Plaintiff sustained after he was handcuffed, and any other damages or remedies deemed appropriate by the Court.

### IV. Federal Claims: Clarke County

Movants allege Plaintiff did not adequately plead constitutional violation, a necessary element in claims against the County. *Becerra v. Asher*, F.3d 1042, 1048 (5th Cir. 1997). Surely, Sheriff Kemp by directing the beating of Plaintiff, and Deputy Defendants by carrying out said beating, violated clearly established rights given by the Constitution.

### V. State Law Claims – Negligence; Reckless Disregard

Defendants correctly assert that the conduct of law enforcement officers must amount to "reckless disregard" under the MTCA. Miss Code Ann. § 11-46-9(1)(c). Thus, Plaintiff respectfully requests leave of this Court to amend the pleading to appropriately plead reckless disregard.

Defendant also correctly asserts that when a claimant is engaged in criminal activity, the MTCA provides immunity from arising claims. However, Defendants incorrectly allege Plaintiff was engaged in criminal activity at the time of his subsequent his arrest. *JM/ECF Doc. No 18* at 13. Also, Plaintiff does not dispute the conviction stemming from the Collison of the vehicles. *See Charging Aff.* The Charging Affidavit clearly states that Plaintiff's charges arise from the collision of Plaintiff's vehicle with the vehicle of Deputy Chancelor. *Id*. There are not, however, charges that arise from Plaintiff resisting arresting, or Plaintiff attempting to fight Defendant Deputies after the vehicle pursuit concluded, because those events did not occur. Surely, being handcuffed is not considered criminal activity. Plaintiff's Amended Complaint alleges multiple

times that Defendants Deputies beat Plaintiff after he was handcuffed at the direction of their boss, Sheriff Kemp. *Am. Comp.* at ¶ 16, 29.

Defendants also correctly stated that the governing standard is "reckless disregard" and such standard "usually is accompanied by a conscious indifference to consequences amounting almost to a willingness that harm should follow." *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999). Certainly, the deliberate beating of Plaintiff, after he was handcuffed, is tantamount to the standard set forth in *Maye*.

Because Plaintiff was not engaged in criminal activity at the time subsequent the arrest, and acknowledging that reckless disregard is the standard, Plaintiff respectfully request that this Honorable Court grants Plaintiff leave to amend the complaint to plead reckless disregard as opposed to negligence.

### VI. State Law Claims: Assault and Battery

Defendants correctly state Mississippi Law which provides the MTCA does not waive "immunity from liability against . . . claims for assault, battery . . . or any claim which involves allegations of malice." *Duckworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. 2015). Thus, Plaintiff does not object to the dismissal of the assault and battery claims against those Defendants in their representative capacities.

### CONCLUSION

Based on the authorities cited herein, as well as those arguments asserted in Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings, Plaintiff respectfully move this Court to deny the dismissal of the moving Defendants as stated herein.

Respectfully submitted, this the 24th day of June, 2020.

**MARQUIS TILMAN, Plaintiff**

By:    */s/ Carlos E. Moore*_____
        **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM-MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

<u>CERTIFICATE OF SERVICE</u>

    I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

    Jessica S. Malone, Esq.
    jmalone@aabalegal.com
    William R. Allen, Esq.
    wallen@aabalegal.com
    Allen, Allen, Breeland & Allen, PLLC
    214 Justice Street
    P. O. Box 751
    Brookhaven, MS 39602-0751
    *Attorneys for Defendants*

THIS, the 24th day of June, 2020.

        */s/ Carlos E. Moore*_____
        CARLOS E. MOORE, ESQ.