IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARQUIS TILMAN**                                                                                    **PLAINTIFF**

**v.**                                                              **Civil Action No.: 2:20-cv-10-KS-MTP**

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BENJAMIN IVY, IN HIS INDIVIDUAL
CAPACITY, AND DEPUTY ANTHONY CHANCELOR,
DEPUTY RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY
LEWIS, IN THEIR INDIVIDUAL CAPACITIES
AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                                           **DEFENDANTS**

**CLARK COUNTY, SHERIFF TODD KEMP, DEPUTY BENJAMIN IVY,
DEPUTY ANTHONY CHANCELOR, DEPUTY RYAN EVANS, DEPUTY
AUSTIN TOUCHSTONE, DEPUTY JUSTIN RAWSON, AND DEPUTY
<u>BILLY LEWIS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Come now, Defendants Clarke County, Sheriff Todd Kemp. Deputy Benjamin Ivy, Deputy Anthony Chancelor, Deputy Ryan Evans, Deputy Austin Touchstone, Deputy Justin Rawson, and Deputy Billy Lewis, by and through counsel, and respond to the Plaintiff's Second Amended Complaint as follows:

**<u>FIRST DEFENSE</u>**

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

**SECOND DEFENSE**

Plaintiff's Second Amended Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi or the Constitution of Mississippi.

**THIRD DEFENSE**

The defendants in their individual capacities are entitled to qualified immunity in this matter. More specifically, answering defendants would affirmatively assert that Plaintiff's Second Amended Complaint fails to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable under the circumstances.

**FOURTH DEFENSE**

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**SIXTH DEFENSE**

**ADMISSIONS AND DENIALS**

## SECOND AMENDED COMPLAINT

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Second Amended Complaint, paragraph by paragraph, as follows:

As for the unnumbered paragraph which commences, "COMES NOW, Plaintiff….," the answering defendants deny each and every allegation and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## PARTIES

1. Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiff's Second Amended Complaint.

2. Answering defendants admit that Clarke County is a political subdivision of the State of Mississippi and that it may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Second Amended Complaint.

3. Answering defendants admit the allegations of paragraph 3 of Plaintiff's Second Amended Complaint.

4. Answering defendants admit the allegations of paragraph 4 of Plaintiff's Second Amended Complaint.

5. Answering defendants admit the allegations of paragraph 5 of Plaintiff's Second Amended Complaint.

6. Answering defendants admit the allegations of paragraph 6 of Plaintiff's Second Amended Complaint.

7. Answering defendants admit the allegations of paragraph 7 of Plaintiff's Second Amended Complaint.

8. Answering defendants admit the allegations of paragraph 8 of Plaintiff's Second Amended Complaint.

9. Answering defendants admit the allegations of paragraph 9 of Plaintiff's Second Amended Complaint.

## JURISDICTION and VENUE

10. Without waiving any limitations, restrictions or immunities, answering defendants admit that this Court has jurisdiction inasmuch as Plaintiff asserts federal claims. Answering defendants deny the remaining allegations of paragraph 10 of Plaintiff's Second Amended Complaint.

11. Without waiving any limitations, restrictions or immunities, answering defendants admit that venue is proper in this Court. Answering defendants deny the remaining allegations of paragraph 11 of Plaintiff's Second Amended Complaint.

## STATEMENTS

12. Answering defendants admit Plaintiff fled law enforcement officers on March 21, 2019, and that he was taken into custody. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Second Amended Complaint, as stated.

## **FACTS**

13. Answering defendants deny the allegations of paragraph 13 of Plaintiff's Second Amended Complaint.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Second Amended Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Second Amended Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Second Amended Complaint.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiff's Second Amended Complaint, as stated.

18. Answering defendants deny the allegations of paragraph 18 of Plaintiff's Second Amended Complaint.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiff's Second Amended Complaint.

20. Answering defendants deny the allegations of paragraph 20 of Plaintiff's Second Amended Complaint.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's Second Amended Complaint.

22. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Second Amended Complaint, as stated.

23. Answering defendants admit that Plaintiff received medical care. Answering defendants deny the remaining allegations of paragraph 23 of Plaintiff's Second Amended Complaint.

24. Answering defendants deny the allegations of paragraph 24 of Plaintiff's Second Amended Complaint.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Second Amended Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Second Amended Complaint.

27. Answering defendants admit that Plaintiff was charged with and pleaded guilty to the charge of Aggravated Assault of a Peace Officer, yet deny the remaining allegations of paragraph 27 of Plaintiff's Second Amended Complaint.

28. Answering defendants admit they were, at all times relevant to Plaintiff's claim, on duty and in the course and scope of their employment.

29. Answering defendants admit that Sheriff Kemp is the policymaker for Kemper County regarding all law enforcement matters. Answering defendants deny the remaining allegations of paragraph 29 of Plaintiff's Second Amended Complaint.

30. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Second Amended Complaint.

## FIRST CAUSE OF ACTION
**(Excessive Force, Violation of Due Process under 42 U.S.C. §1983)**

31. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-30 hereinabove as if the same were specifically set out herein.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Second Amended Complaint.

33. Answering defendants deny the allegations of paragraph 33 of Plaintiff's Second Amended Complaint.

## SECOND CAUSE OF ACTION
**(Monell under 42 U.S.C. §1983)**

34. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-33 hereinabove as if the same were specifically set out herein.

35. Answering defendants deny the allegations of paragraph 35 of Plaintiff's Second Amended Complaint.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiff's Second Amended Complaint.

37. Answering defendants deny the allegations of paragraph 37 of Plaintiff's Second Amended Complaint.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiff's Second Amended Complaint.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiff's Second Amended Complaint.

## THIRD CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendants Clarke County And Sheriff Kemp)

40. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-39 hereinabove as if the same were specifically set out herein.

41. Answering defendants deny the allegations of paragraph 41 of Plaintiff's Second Amended Complaint.

42. Answering defendants deny the allegations of paragraph 42 of Plaintiff's Second Amended Complaint.

43. Answering defendants deny the allegations of paragraph 43 of Plaintiff's Second Amended Complaint.

44. Answering defendants deny the allegations of paragraph 44 of Plaintiff's Second Amended Complaint.

## FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

45. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-44 hereinabove as if the same were specifically set out herein.

46. Answering defendants deny the allegations of paragraph 46 of Plaintiff's Second Amended Complaint.

47. Answering defendants deny the allegations of paragraph 47 of Plaintiff's Second Amended Complaint.

### FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

48. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-47 hereinabove as if the same were specifically set out herein.

49. Answering defendants deny the allegations of paragraph 49 of Plaintiff's Second Amended Complaint.

50. Answering defendants deny the allegations of paragraph 50 of Plaintiff's Second Amended Complaint.

51. Answering defendants deny the allegations of paragraph 51 of Plaintiff's Second Amended Complaint.

### SIXTH CAUSE OF ACTION
### (Negligence, Gross Negligence and/ or Reckless Disregard of Defendants Deputy Ivy, Deputy Anthony Chancelor, Deputy Ryan Evans, Deputy Austin Touchstone, Justin Rawson, and Billy Lewis in Their Individual Capacities)

52. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-51 hereinabove as if the same were specifically set out herein.

53. Answering defendants deny the allegations of paragraph 53 of Plaintiff's Second Amended Complaint.

54. Answering defendants deny the allegations of paragraph 54 of Plaintiff's Second Amended Complaint.

## SEVENTH CAUSE OF ACTION
**(Intentional Torts under Mississippi State Law – Assault and Battery Defendants Deputy Ivy, Deputy Anthony Chancelor, Deputy Ryan Evans, Deputy Austin Touchstone, Justin Rawson, and Billy Lewis in Their Individual Capacities)**

55. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-54 hereinabove as if the same were specifically set out herein.

56. Answering defendants deny the allegations of paragraph 56 of Plaintiff's Second Amended Complaint.

57. Answering defendants deny the allegations of paragraph 57 of Plaintiff's Second Amended Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE, THE ABOVE BEING CONSIDERED…," answering defendants deny each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled any relief whatsoever.

## SEVENTH DEFENSE

Answering defendants deny each and every allegation contained in Plaintiff's Second Amended Compliant that is not specifically admitted herein.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they have met or exceeded the requirements of

law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

At all times, the answering defendants were acting within the scope and course of their employment as a law enforcement officers and, therefore, cannot be held liable in their individual capacities insofar as any state tort claims are concerned.

## TWELFTH DEFENSE

Answering defendants were at all times acting in the official scope of their duties as law enforcement officers of Clarke County, and at all times material to the allegations of the Second Amended Complaint their actions were in good faith without malice and within the scope and course of their employment.

## THIRTEENTH DEFENSE

To the extent applicable, answering defendant would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## FOURTEENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not

entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)   The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)   The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)   The procedures fail to provide a limit on the amount of the award against the defendant.

(d)   The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)   The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)   The procedures permit multiple awards of punitive damages for the same alleged act.

(g)   The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)   The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)   The standard of conduct upon which punitive damages are sought is vague.

## FIFTHTEENTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## SIXTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Second Amended Complaint filed against them, answering defendant requests that the same be dismissed, and they be discharged with costs assessed against the Plaintiff.

**DATE:** September 2, 2020.

**Respectfully submitted,**

**CLARK COUNTY, SHERIFF TODD KEMP, DEPUTY BENJAMIN IVY, DEPUTY ANTHONY CHANCELOR, DEPUTY RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE, DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY LEWIS**

BY: */s/Jessica S. Malone*
        One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  jmalone@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Second Amended Complaint with the Clerk of the Court using the ECF system which gave notification of the same to the following:

> Carlos E. Moore, Esq.
> The Cochran Firm-MS Delta
> P.O. Box 1487
> Grenada, MS 38902-1487
> cmoore@cochranfirm.com
> *Attorney for Plaintiff*

This the 2nd day of September, 2020.

>                                            */s/Jessica S. Malone*
>                                            OF COUNSEL