IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARQUIS TILMAN                                                                    PLAINTIFF

v.                                                    Civil Action No.: 2:20-cv-10-KS-MTP

CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BENJAMIN IVY, IN HIS INDIVIDUAL
CAPACITY, AND DEPUTY ANTHONY CHANCELOR,
DEPUTY RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY
LEWIS, IN THEIR INDIVIDUAL CAPACITIES
AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN
DEFENDANTS

## DEFENDANTS' SECOND MOTION FOR JUDGMENT ON PLEADINGS

Come now, Defendants Clarke County, Sheriff Todd Kemp, and Deputies

Benjamin Ivy, Anthony Chancellor, Ryan Evans, Austin Touchstone, Justin Rawson, and

Billy Lewis, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure, submit their Second Motion for Judgment on the Pleadings, as follows:

1.       This matter arises out of a March 25, 2019, vehicular pursuit in which

Plaintiff fled Clarke County law enforcement officers. Eventually, Plaintiff was stopped

and arrested by Deputy Ivy. Plaintiff's Complaint alleges that once detained by Ivy, he

was "brutally beaten" by Clarke County deputies and denied medical care. *CM/ECF Doc.*

*No. 38,* ¶ 12. Plaintiff's Second Amended Complaint asserts both state and federal claims

against Defendants in their individual capacities.

2.     Plaintiff's Second Amended Complaint asserts the following claims against the moving defendants under 42 U.S.C. § 1983: (1) Excessive Force and Violation of Due Process; (2) a *Monell* claim against Clarke County and the movants in their official capacities; (3) Negligent Training, Supervision and Retention as to Defendants Clarke County and Sheriff Kemp; (4) Supervisory Liability as to Kemp; (5) failure to intervene. Plaintiff also asserts state-law tort claims, including but not limited to, claims for negligence and gross negligence, for which the movants enjoy immunity under the police protection function of the Mississippi Tort Claims Act (MTCA).

3.     Plaintiff's claims against the individual-capacity defendants fail to meet the heightened pleading standard required for such claims, and as such, Defendants are entitled to qualified immunity. Moreover, Plaintiff is precluded by *Heck v. Humphrey* from asserting claims against the movants arising out of the alleged use of force by the movants with their patrol cruisers inasmuch as Plaintiff was charged for assault on an officer arising out of the same facts.

4.     In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in Saucier is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at

2

201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

5.     In order to meet the heightened pleadings standard, Plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; *see also Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires Plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff).  Plaintiffs "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)).

6.     Plaintiff's First Cause of Action is based on allegations of excessive force and purported due process violations. Plaintiff fails to allege with any particularity how the movants were involved in the use of force, who committed specific acts of excessive force, when and how those acts were committed, as well as what the acts of each of the defendants were. Moreover, Plaintiff fails to allege that Sheriff Kemp was involved in the vehicular pursuit of Plaintiff or was present at the scene of Plaintiff's apprehension and arrest, which is fatal to any individual claims against him arising out of the same. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)(providing that direct involvement is a necessary element of an individual-capacity 1983 claim).

7.      Plaintiff's Second Amended Complaint alleges that Plaintiff was transported to two (2) separate hospitals by Defendants before being released under physicians' orders for follow-up medical care—including, but not limited to, the administration of medication. *Sec. Am. Compl.* ¶¶ 23-24.  Although Plaintiff alleges that Defendants "did not allow Plaintiff to received additional medical treatment," Plaintiff concedes he received medication, yet disagrees with how the medication was administered. *Id.* at ¶ 25.  Subsequently, Plaintiff complains that "[a]s a result of Defendants' deliberate and wanton indifference towards Plaintiff's serious medical needs, Plaintiff later became ill…" *Id.* at ¶ 26.

8.      Plaintiff has failed to provide particularized allegations as to how each of the defendants were involved in any way in his medical care, what actions they took, when and why. Furthermore, to the extent Plaintiff simply complains he did not receive the medical care which he desires, namely a particular administration of and/or course of his prescribed medication, such allegations do not state a cognizant claim under Section 1983. Plaintiff has clearly failed to allege a constitutional violation or that any of the defendants' conduct was objectively unreasonable under the circumstances.

9.      As such, in addition to Plaintiff's inadequate medical care allegations failing to meet the heightened pleadings standard as to the individual-capacity defendants, the claim is also due to be dismissed because Plaintiff alleges he simply did not receive the medical care which he desired. Such allegations do not state a cognizable Section 1983 claim.

10.     Plaintiff's Second Amended Complaint fails to sufficiently allege a constitutional violation against the Movants arising out of his medical care and, fails to plead facts sufficient to demonstrate either acted in an objectively unreasonable manner. As such, this claim must be dismissed.

11.     Plaintiff asserts a claim for both the negligent training, supervision and retention of County deputies against Sheriff Kemp and Clarke County in his Third Cause of Action, as well as a supervisory liability claim against Sheriff Kemp in his Fourth Cause of Action. *Sec. Am. Compl.* ¶¶ 45-47. Individual liability under 42 U.S.C. §1983, however, "may not be predicated on the doctrine of *respondeat superior*;" rather, "[o]nly the direct acts or omissions of government officials … will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Plaintiff's Fourth Cause of Action is one asserted solely under a theory of supervisory or vicarious liability. More specifically, Plaintiff alleges "among the individually-named Defendants were supervisors, like Defendant Sheriff Kemp[,] who were assigned to supervise and control the actions of the named Clarke County Sheriff's Department [officers]." *Sec. Am. Compl.* ¶ 46.

12.     There can be no liability for an individual - capacity Defendant unless Plaintiff can demonstrate direct involvement in the constitutional deprivation. *See Coleman*, 113 F.3d at 534. There are no allegations that Kemp failed to monitor or care for Plaintiff, participated in the "vicious attack" on Plaintiff, or failed to provide medical care for Plaintiff. Without direct involvement in the aforementioned, Kemp cannot be held

vicariously liable for his officers' conduct arising out of the same. As such, this claim is due to be dismissed.

13.     Plaintiff's Fifth Cause of Action alleges that "Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the handcuffing, excessive beating and failure to obtain additional medical care for Plaintiff." *Sec. Am. Compl*. ¶ 49. Significantly, Plaintiff fails to allege that Sheriff Kemp was even at the scene of the handcuffing and use of force which purportedly took place at the conclusion of the vehicular pursuit of Plaintiff.

14.     Again, Plaintiff fails to allege which Defendants purportedly used force and which of the movants failed to intervene in said use of force---or which of the moving defendants failed to obtain medical care and which failed to interview in the same. Inasmuch as the Amended Complaint fails to meet the heightened pleading standard, Plaintiff cannot overcome of the qualified immunity defenses of the individual defendants and his individual-capacity claims are subject to dismissal.

15.     Plaintiff's use of force claims arising out of the pursuit of his vehicle are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). When a Plaintiff seeks to recover damages under Section 1983, courts must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence and, if it would, the suit must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)(citing *Heck*, 512 U.S. at 486-87).

16.     Plaintiff alleges that Defendants pursued Plaintiff's vehicle and  "[u]sing their squad cars, Defendant (sic) Deputy Ivy, Deputy Chancelor, Deputy Evans, Deputy Touchstone, Deputy Rawson, and Deputy Lewis (collectively 'deputies') collided with Plaintiff's vehicle causing Plaintiff to wreck." *Sec. Am. Compl.* ¶ 17.  However, Circuit Court records show that it was Plaintiff who was charged and convicted of assault on an officer as a result of ramming **his car** into the patrol vehicle of Deputy Anthony Chancellor. *See Charging Aff.,* CLT-(TILMAN)-000013; *Sentencing Order*, CLT-(TILMAN)-000051 through CLT-(TILMAN)-000053, *CM/ECF Doc. No. 17-1.*

17.     Here, a finding by this Court that the movants used excessive force by means of colliding their patrol cars into that Plaintiff's vehicle would necessarily invalidate the finding of the state court that, to the contrary, it was Plaintiff who assaulted one of the pursing officers by "ramming" his vehicle into the deputy's patrol car.  Because Plaintiff is unable to demonstrate that the assault on an officer charge was favorably terminated, any claims arising out of the collision during the officers' pursuit of Plaintiff are due to be dismissed.

18.     As for the claims asserted against Clarke County, as outlined hereinabove, Plaintiff has failed to plead underlying constitutional violations. The failure to demonstrate a necessary element of his claims against the County is fatal. *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)(holding that a constitutional violation is an essential element in a 1983 claim against a municipality). In light of Plaintiff's failure to adequately plead that he suffered a constitutional deprivation, the claims against Clarke County must be dismissed.

19.     Plaintiff's Second Amended Complaint also asserts state-law negligence claims against the officers and the County.   *Sec. Am. Compl.* ¶¶ 52-54. Plaintiffs' negligence claims are exclusively governed by the MTCA, which provides immunity to governmental entities and employees who act within the course and scope of their employment. *Little v. Miss. Dept. of Transp.*, 129 So.3d 132, 136 (Miss. 2013); *see also* Miss. Code Ann. § 11-46-7. While the MTCA is a general waiver of sovereign immunity, a number of restrictions, limitations and immunities remain. In particular here, Section 11-46-9(1) of the MTCA provides two (2) avenues of immunity: (1) if the claimant was engaged in criminal activity at the time of the incident in question, then the County is immune from suit, and; (2) even if the claimant was not engaged in criminal activity, if the officers did not act with reckless disregard, then the County is immune from suit. *See Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 1164 (Miss. 2003). Here, Plaintiff was engaged in criminal activity at the time of his pursuit and arrest, as evidenced by the charge and conviction of assault on a police officer. *See Charging Aff.; Sentencing Order.*

20.     Even were Plaintiff not engaged in criminal activity at the time, as a matter of law, a negligence claim fails because Plaintiff must show the officers acted with reckless disregard. Reckless disregard "requires **more** than a showing of **mere negligence**." *Bonner v. McCormick,* 827 So. 2d 39, 41 (Miss. Ct. App. 2002)(emphasis added).  The Mississippi Supreme Court has explained that "[r]eckless disregard usually is accompanied by a **conscious indifference to consequences amounting almost to a**

**willingness that harm should follow**." *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999)(emphasis added).

21.     Because Plaintiff was engaged in criminal conduct at the time of his arrest, and because, as a matter of law, a negligence claim does not constitute reckless disregard, the movants are entitled to immunity under the MTCA. All claims against the officers[1] arising out of alleged negligent conduct fail, and as such, are subject to dismissal—only claims pleaded with the requisite reckless disregard standard are cognizable as to the County and its deputies.

WHEREFORE, PREMISES considered, based on the authorities cited, as well as those arguments asserted in the movants' Memorandum of Authorities, the moving defendants are entitled to dismissal of the claims, as outlined herein.

**DATE:       September 25, 2020.**

Respectfully submitted,

**CLARKE COUNTY, SHERIFF
TODD KEMP,
DEPUTY BENJAMIN IVY,
DEPUTY ANTHONY CHANCELOR,
DEPUTY RYAN EVANS, DEPUTY
AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND
DEPUTY BILLY LEWIS**

By:     */s/ Jessica S. Malone*
          One of their Attorneys

---

[1] The officers in their individual capacities are also immune from suit because they were acting the course and scope of their employment. *See* Miss. Code Ann. § 11-46-7(2). Notably, there is a rebuttable presumption both were acting in the course and scope of their employment. Miss. Code Ann. § 11-46-5.

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## CERTIFICATE OF SERVICE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys

of record for Defendants hereby certify that I have this day I electronically filed the above

Memorandum of Authorities, which gave notice to the following attorneys of record:

Carlos E. Moore
The Cochran Firm–MS Delta
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cohranfirm.com

This the 25th day of September, 2020.

/s/ Jessica S. Malone
OF COUNSEL