IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARQUIS TILMAN**                                                    **PLAINTIFF**

v.                                              Civil Action No.: 2:20-cv-10-KS-MTP

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BENJAMIN IVY, IN HIS INDIVIDUAL
CAPACITY, AND DEPUTY ANTHONY CHANCELOR,
DEPUTY RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY
LEWIS, IN THEIR INDIVIDUAL CAPACITIES
AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                    **DEFENDANTS**

**DEFENDANTS TODD KEMP, BENJAMIN IVY, ANTHONY CHANCELOR,
JUSTIN RAWSON, AND BILLY LEWIS' MOTION FOR STAY OF DISCOVERY**

Come now Defendants Todd Kemp, Benjamin Ivy, Anthony Chancelor, Justin Rawson, and Billy Lewis, by and through counsel and pursuant to Local Uniform Civil Rule 16(b)(3)(B) of the Southern District of Mississippi, respectfully submit their Motion for Stay of Discovery, as follows:

1. Plaintiff's claims against the moving defendants arise out of Clarke County deputies' vehicular pursuit of Plaintiff and subsequent arrest and detention. *Sec. Am. Compl.* Plaintiff's Second Amended Complaint alleges that Plaintiff was stopped by various Clarke County deputies and subsequently assaulted in the presence of other County deputies who failed to intervene. Plaintiff further alleges that he required medical

care as a result of his injuries; however, Defendants' purported provision of the requisite medical care was constitutionally defective.

2.      The Clarke County Defendants, in their individual capacities, have asserted qualified immunity defenses as to all of the federal claims filed against them—arguing that the factual basis for Plaintiff's claims fails to meet the requisite heightened pleadings standard. *See Defs.' Sec. Motion for J. on the Pleadings.* Moreover, the moving defendants have asserted state-law immunity defenses available to them under the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. 11-46-11, *et seq.* as to claims arising out of conduct Id.

3.      Local Uniform Civil Rule 16(b)(3)(B) provides that the filing of an "immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion…." L.U. Civ. R. 16(b)(3)(B).

4.      As this Court is well aware, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)(citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). As such, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id*. A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

5. Here, to overcome the qualified immunity defense, Plaintiff's Complaint must specifically allege facts that, if proven, would demonstrate that movants violated clearly established statutory or constitutional rights. Plaintiff must also demonstrate that the movants acted in an objectively unreasonable manner.

6. As outlined in movants Motion for Judgment on the Pleadings, Plaintiff's Complaint fails to sufficient plead facts to overcome Movant's qualified immunity defense.

7. The movants seek relief from participating in discovery—including but not limited to responding to Plaintiff's outstanding Interrogatories and Requests for Production--until such time as this Court has ruled on his Motion for Judgment on the Pleadings. *See CM/ECF Doc. Nos. 41-42.*

8. Movants respectfully requests this Court apply Local Rule 16 and stay all matters including disclosure requirements, the submission of confidential settlement memoranda, and the case management conference, until the pending immunity motion has been resolved.

9. Because of the simple and self-explanatory nature of this Motion, the movants request the Court relieve him of any obligation to submit a supporting memorandum of authorities to accompany the instant Motion.

WHEREFORE, PREMISES CONSIDERED, the moving defendants, in their individual capacities, would respectfully request that, pursuant to Local Rule 16(b)(3)(B), this Court stay all discovery matters until such time as the Court might rule on the

pending Second Motion for Judgment on the Pleadings and the immunity defenses raised therein.

**Date:  September 25, 2020.**

        Respectfully submitted,

        **SHERIFF TODD KEMP,**
        **DEPUTY BENJAMIN IVY,**
        **DEPUTY ANTHONY CHANCELOR,**
        **DEPUTY RYAN EVANS, DEPUTY**
        **AUSTIN TOUCHSTONE,**
        **DEPUTY JUSTIN RAWSON, AND**
        **DEPUTY BILLY LEWIS**

        By:    */s/ Jessica S. Malone*
                 One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## CERTIFICATE OF SERVICE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys of record for Defendants hereby certify that I have this day I electronically filed the above Motion for Stay of Discovery, which gave notice to the following attorneys of record:

    Carlos E. Moore
    The Cochran Firm–MS Delta
    P.O. Box 1487
    Grenada, MS 38902-1487
    cmoore@cohranfirm.com

This the 25th day of September, 2020.

                                                      */s/ Jessica S. Malone*
                                                      OF COUNSEL