IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARQUIS TILMAN                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 2:20-CV-10-KS-MTP

CLARKE COUNTY, *et al.*                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings [44].

### I. BACKGROUND

This is a Section 1983 case arising from the alleged use of excessive force by law enforcement officers. Plaintiff led Clarke County law enforcement officers on a car chase before they eventually caught and arrested him. He alleges that Sheriff Todd Kemp instructed his deputies to beat Plaintiff once they caught him, and that the deputies did so. Plaintiff filed this lawsuit, naming Clarke County, Sheriff Kemp, and numerous Sheriff's Deputies as Defendants. He asserted a variety of claims under federal and state law. Defendants filed a Motion for Judgment on the Pleadings [44] as to some of the claims.

### II. STANDARD OF REVIEW

Motions for judgment on the pleadings under Rule 12(c) are subject to the same standard of review as a motion under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d

413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## III. DISCUSSION

### A.  *Excessive Force Claims*

First, Defendants argue that Plaintiff did not plead specific facts as to each Defendant in support of the excessive force claims and, therefore, failed to meet the heightened pleading standard when a defendant asserts qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

There are two steps in the Court's analysis. First, the Court determines whether the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id.* The Court may address either step first. *Pearson*, 555 U.S. at 236. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326. The Court "applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established

3

at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007).

When "a qualified immunity defense is asserted in an answer or a motion to dismiss, the district court must – as always – do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Anderson v. Valdez*, 845 F.3d 500, 589-90 (5th Cir. 2016). This is not a heightened pleading standard, *id.* at 590, but the plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). The plaintiff must "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995). In that respect, the Court treats qualified immunity arguments at the pleading stage no different than the typical 12(b)(6) standard of review under *Iqbal*.

"[T]he right to be free from excessive force during a seizure is clearly established." *Poole*, 691 F.3d at 627; *see also Newman v. Guidry*, 703 F.3d 757, 763 (5th Cir. 2012); *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). Moreover, the Fifth Circuit has specifically held that "a constitutional violation occurs when an officer . . . strikes . . . an arrestee who is not actively resisting arrest." *Darden v. City of Forth Worth, Tex.*, 880 F.3d 722, at 731 (5th Cir. 2018). To prove a claim of excessive force,

4

Plaintiffs must present evidence of "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018).

> Though some injuries are so minor that they are insufficient to satisfy the injury element as a matter of law, an injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible – that is, objectively unreasonable under the circumstances. The objective reasonableness of the force, in turn, depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible. Specifically, the court should consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Bush*, 513 F.3d at 501.

The individual Deputy Defendants – Defendants Ivy, Chancelor, Evans, Touchstone, Rawson, and Lewis – argue that Plaintiff did not plead specific facts as to each of them and, therefore, failed to state a claim of excessive force that defeats qualified immunity.

Plaintiff alleged that the Deputy Defendants "violently threw [him] to the ground and commenced [a] brutal beating." Second Amended Complaint at 5, *Tilman v. Clarke County*, No. 2:20-CV-10-KS-MTP (S.D. Miss. Aug. 19, 2020), ECF No. 38. He alleges that the Deputy Defendants "stomped, kicked, punched, kneed, and hit [him] repeatedly," despite his attempted surrender after a car chase. *Id.* He further alleges that they continued to beat him after he was restrained in handcuffs. *Id.*

5

As noted above, Plaintiff's pleading must "speak to the factual particulars of the alleged actions, at least when those facts are known to [him] and are not peculiarly within the knowledge of defendants." *Schultea*, 47 F.3d at 1432. Plaintiff can hardly be expected to give a blow-by-blow narration of an alleged beating. The Court finds that his allegation that Defendants Ivy, Chancelor, Evans, Touchstone, Rawson, and Lewis participated in the alleged beating is specific enough to survive Rule 12(b)(6) scrutiny. *See, e.g. Barnett v. City of Laurel*, 2019 WL 5865774, at *7-*8 (S.D. Miss. Nov. 8, 2019) (plaintiff's testimony that defendants collectively assaulted him was sufficient to survive summary judgment on excessive force claim); *Gill v. Pike County*, 2015 WL 5607806, at *2 (S.D. Miss. Sept. 23, 2015) (court denied motion to dismiss based on qualified immunity where plaintiff made collective allegations against all defendants but facts were peculiarly in hands of defendants).

Defendants also argue that Plaintiff failed to allege that Sheriff Kemp was involved in the vehicular pursuit of Plaintiff or present at the scene of his arrest. Therefore, Defendants contend that Kemp cannot be liable for the alleged use of excessive force.

However, a supervisory official can be held liable under § 1983 on a theory of supervisor liability "if (1) the supervisor affirmatively participates in the acts that cause the constitutional deprivation, or (2) the supervisor implements unconstitutional policies that causally result in the constitutional injury." *Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). "In order to establish

supervisory liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.*

Plaintiff specifically alleged that Sheriff Kemp instructed his deputies to "beat Plaintiff once [he] was apprehended." Second Amended Complaint [38], at 5. Therefore, although Plaintiff admits that Kemp was not present at the time of the alleged beating, *id.*, Plaintiff alleged sufficient facts to state a claim against Sheriff Kemp for excessive force under a theory of supervisory liability.

For these reasons, the Court denies the motion with respect to Plaintiff's claims of excessive force.

**B.    *Inadequate Medical Care***

Next, Defendants argue that the Court should dismiss Plaintiff's claims arising from inadequate medical care because Plaintiff did not allege specific actions by any individual Defendant. "A government official violates a Fourteenth Amendment right when the official acts with deliberate indifference to a detainee's serious medical needs." *Estate of Bonila v. Orange County, Tex.*, 982 F.3d 290, 305 (5th Cir. 2020). "Deliberate indifference" means that the defendant officials "were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, that the defendants actually drew the inference, and that the defendants disregarded that risk by failing to take reasonable measures to abate it." *Id.*

Plaintiff alleged that he "plead with the deputies to summon emergency medical personnel" after they had beaten him. Second Amended Complaint [38], at 5. He claims that "[h]ours later," they transported him to a hospital, and that he was then subsequently taken to another hospital. *Id*. at 6. Plaintiff alleges that the "physician on-duty" instructed Defendants "that Plaintiff required additional medical treatment once he was released," including administration of medication. *Id*. Plaintiff claims that Defendants "[p]urposefully disregard[ed] the physician's orders," and "did not allow [him] to receive additional medical treatment" or provide his medications. *Id*. He alleges that he later became ill and started vomiting blood because Defendants were indifferent to his medical needs. *Id*. He alleged no specific facts as to any particular Defendant.

This Court has previously dismissed § 1983 claims against individual defendants when a plaintiff failed to include any particularized factual allegations. *See, e.g. Howard v. MDOC*, 2020 WL 2063864, at *4 (S.D. Miss. Apr. 29, 2020); *Bivens v. Forrest County*, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015). Plaintiff's claims related to inadequate medical treatment are unlike the excessive force claims in that facts related to the former are not peculiarly within Defendants' knowledge. *Schultea*, 47 F.3d at 1432. Someone at the bottom of a scrum can not reasonably be expected to provide particularized allegations of fact as to who threw each punch. But absent any allegations of unconsciousness or lack of lucidity, there is no reason Plaintiff should not be able to allege which specific Defendants were on duty and,

therefore, responsible for monitoring him and tending to his medical needs after the hospital visits. Therefore, the Court finds that Plaintiff failed to allege specific facts as to any Defendant with respect to Fourteenth Amendment claims arising from allegedly inadequate medical care. The Court grants the motion with respect to any such claims.

## C.   *Supervisory Liability*

Next, Defendants argue that the Court should dismiss Plaintiff's fourth cause of action, labeled "Supervisory Liability under 42 U.S.C. § 1983." Therein, Plaintiff alleges that Defendant Kemp "was the moving force behind" the other Defendants' actions by "ordering the assault of Plaintiff" and failing to supervise and control the actions of the other Defendants.

As the Court has already noted, a supervisory official can be held liable under § 1983 on a theory of supervisor liability "if (1) the supervisor affirmatively participates in the acts that cause the constitutional deprivation, or (2) the supervisor implements unconstitutional policies that causally result in the constitutional injury." *Pena*, 879 F.3d at 620. "In order to establish supervisory liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.*

The Court already addressed Plaintiff's allegations regarding Defendant Kemp's actions as a supervisor with respect to the excessive force claim. As for the

9

medical care claims, the Court finds that Plaintiff has not alleged any specific facts indicating that Kemp affirmatively participated in the alleged failure to provide adequate medical care, or that he implemented unconstitutional policies that resulted in the alleged failure to provide adequate medical care. Moreover, Plaintiff did not allege specific facts indicating that Kemp acted with deliberate indifference to any alleged failure to provide adequate medical care.

Therefore, the Court grants the motion as to Plaintiff's fourth cause of action, as it relates to the inadequate medical care claims, but the Court denies it with respect to Kemp's supervisory liability on the excessive force claims.

## D.   *Failure to Intervene*

Next, Defendants argue that the Court should dismiss Plaintiff's cause of action premised upon Defendants' alleged failure to intervene and prevent alleged deprivations of his constitutional rights because Plaintiff did not plead sufficient facts to support it. "An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

First, with respect to Defendant Kemp, Plaintiff alleged that he was not present at the site of the alleged beating. Second Amended Complaint [38], at 5. Therefore, he cannot be liable for failure to intervene there.

Next, Plaintiff specifically alleged that each of the Deputy Defendants were present at the scene and participated in the alleged beating. The Court finds that these allegations are specific enough to state a plausible claim against them for failure to intervene and prevent the beating.

Finally, with respect to inadequate medical care, Plaintiff has not alleged any specific facts indicating that any Defendant was present at the scene of the alleged failure to provide medical care or had a reasonable opportunity to prevent the alleged harm.

For these reasons, the Court denies this aspect of Defendants' motion as to the Deputy Defendants' failure to intervene in the alleged beating, but the Court otherwise grants it.

**E.   *Heck v. Humphrey***

Defendants argue that Plaintiff's claim that the Deputy Defendants used their squad cars to intentionally collide with his vehicle is barred by *Heck v. Humphrey*, 512 U.S. 47. 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). "*Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013). Therefore, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush v. Strain*, 513 F.3d

11

492, 498 n. 14 (5th Cir. 2008).

Defendants attached filings from the Circuit Court of Clarke County, Mississippi, demonstrating that Plaintiff was charged and convicted of aggravated assault on a peace officer because he rammed his vehicle into the side of Defendant Chancelor's patrol car during the chase from which this matter arises. *See* Exhibit A to Motion for Judgment on the Pleadings, *Tilman v. Clarke County*, No. 2:20-CV-10-KS-MTP (S.D. Miss. June 3, 2020), ECF No. 17-1. Therefore, any finding that officers rammed their patrol vehicles into Plaintiff's would be incompatible with the factual basis of Plaintiff's conviction, and such claims are *Heck*-barred. Moreover, the Court notes that Plaintiff appears to concede this point in briefing.

## F.    *Municipal Liability*

Defendants argue that the Court should dismiss Plaintiff's federal claims as to the County. The Fifth Circuit provided the following summary of the law concerning municipal liability under § 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.

> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled

as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.

Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.

A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

Defendants argue that Plaintiff failed to allege sufficient facts to state any underlying constitutional violations, and, therefore, failed to plead any cognizable § 1983 claim against the County. Indeed, "[i]t necessarily follows that, without an underlying *constitutional* violation, there can be no § 1983 liability imposed." *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997). However, the Court has denied portions of Defendants' motion.

Therefore, the Court denies this aspect of Defendants' motion as to any § 1983 claims against the County arising from the excessive force claims and the claims against the Deputies of failure to intervene in the alleged beating, which the Court found were adequately pleaded. But the Court grants it with respect to Plaintiff's other § 1983 claims against the County.

13

### G.    State-Law Claims

Finally, Defendants argue that Plaintiff's negligence claims against the Defendants are barred by the Mississippi Tort Claims Act ("MTCA"). The MTCA provides, in relevant part:

> (1)    A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (c)    Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

MISS. CODE ANN. § 11-46-9(1)(c). "Reckless disregard . . . denotes more than negligence, but less than an intentional act." *City of Jackson v. Lewis*, 153 So. 3d 689, 693 (Miss. 1989). The Mississippi Supreme Court has found "reckless disregard when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *Id.* The reckless disregard standard "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Phillips v. Miss. Dep't of Public Safety*, 978 So. 2d 656, 661 (Miss. 2008).

Among other things, Defendants argue that any negligence claims against the County and the individual Defendants in their official capacities fail because the MTCA requires that their actions rise to the level of "reckless disregard," while

14

Plaintiff alleged negligence. Defendants are correct. Neither negligence nor gross negligence rise to the level of "reckless disregard." *See Jones v. City of Hattiesburg*, 2018 WL 3624978, at *3 (S.D. Miss. July 30, 2018); *Collins v. City of Newton*, 240 So. 3d 1211, 1222 (Miss. 2018); *Hill v. Hinds County*, 237 So. 3d 838, 842 (Miss. 2017); *Davis v. City of Clarksdale*, 18 So. 3d 246, 249 (Miss. 2009); *Turner v. City of Ruleville*, 735 So. 2d 226, 229-30 (Miss. 1999). Therefore, the Court grants Defendants' motion as to Plaintiff's state-law negligence claims against the County and the individual Defendants in their official capacity.

Defendants also argue that the individual Defendants can not be personally liable for negligent actions committed in the course and scope of their employment. Defendants are correct. Under the MTCA, government employees can not be personally liable for "acts or omissions occurring within the course and scope of [their] duties." MISS. CODE ANN. § 11-46-7(2).

For these reasons, the Court grants Defendants' motion as to any state-law negligence claims asserted by Plaintiff.

## IV. CONCLUSION

For these reasons the Court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings [44] as provided herein.

SO ORDERED AND ADJUDGED this 21st day of January, 2021.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
