**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARQUIS TILMAN**                                                                                    **PLAINTIFF**

**v.**                                                                            **Civil Action No.:** 2:20-cv-10-KS-MTP

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BENJAMIN IVY, IN HIS INDIVIDUAL
CAPACITY, AND DEPUTY ANTHONY CHANCELOR,
DEPUTY RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY
LEWIS, IN THEIR INDIVIDUAL CAPACITIES
AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                                                      **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff Marquis Tilman, by and through counsel of record, and files this, *Memorandum in Support of Response in Opposition to Defendants' Motion for Partial Summary Judgment*. Plaintiff moves this Honorable Court to deny Defendants' *Motion* and requests a hearing on said *Motion*, and as grounds therefore, would state as follows:

**INTRODUCTION**

As previously stated, this matter arises from a vehicle pursuit on March 25th, 2019, between the Plaintiff and Defendants Deputies Benjamin Ivy, Anthony Chancelor, Ryan Evans, Austin Touchstone, Justin Rawson, and Billy Lewis. Once Plaintiff's vehicle came to a stop, he was brutally beaten by deputies of the Clarke County, Mississippi. [Doc. 38 at ¶18]. Plaintiff initiated this action on January 21, 2020 [Doc. 1] and amended it for the first time on May 8, 2020 [Doc. 14]. Defendants sought judgment of the pleadings on or about June 3, 2020 [Doc. 44], and thereafter, this Court dismissed the following claims: all excessive force claims arising out of any

use of force during the pursuit of Plaintiff during the high-speed chase; any claims arising out of Plaintiff's medical care including supervisory liability for the same; and negligence and gross negligence claims, based on the defendants' immunity from such claims under the MTCA. [Doc. 53].

Defendants now seek partial summary judgment on the grounds that Plaintiff has duplicative official capacity claims; inability to show proof of excessive force and failure to intervene by individual deputy defendants; inability to show proof of Sheriff Kemp's failure to supervise, train, and/or discipline his deputies; inability to show proof of _Monell_ claims against Clarke County; and the police protection exemption and MTCA applied to state law claims.

As outlined below, Plaintiff adequately stated the aforementioned claims in the complaint and such claims were supported by facts consistent with the assertions within the complaint. Additionally, a jury should be afforded the opportunity to determine if Defendants' actions caused Plaintiff's damages. For all the reasons outline herein, Plaintiff moves this Court to deny Defendants' Motion for Partial Summary Judgment as to some claims, and does not object to others.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a).* A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.,* 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 448 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes

demonstrates the absence of genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

If the moving party succeeds, the onus shifts to "the nonmoving party to go beyond the pleadings and by her own affidavit, or by the 'depositions, answers to interrogatories, and admissions on file,' and designate 'specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court must "draw all reasonable inferences in favor of the nonmoving party" and "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Rich. Med. Cent.,* 476 F.3d 337, 343 (5th Cir. 2007) (internal quotation marks omitted). A non-moving party can defeat a motion for summary judgment by demonstrating that evidence tendered by the moving party is itself laced with contradictions. *International Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257 (1991), *Fed. R. Civ. P 56.*

## <u>ARGUMENTS AND AUTHORITIES</u>

### I.      **Federal Claims: Duplicative Official Capacity Claims**

Plaintiff concedes that his claims against the County, Defendants Sheriff Kemp, Deputy Ivy, Chancelor, Touchstone, Rawson, Evans, and Lewis, in their official capacities alone should be dismissed.

### II.      **Federal Claims: Individual Capacities**

Plaintiff concedes that his individual capacity claims against the Defendant Deputies Lewis, Rawson, Touchstone, and Evans should be dismissed, concerning excessive force and failure to intervene.

Defendants argue that Plaintiff's claims for excessive force fail because the defendants' actions towards the Plaintiff were objectively reasonable. The Court considers three factors in evaluating the "objective reasonableness" of defendant's actions: (1) the severity of the crime; (2)

whether the plaintiff posed an immediate threat to the safety of the officer or others; and (3) whether the plaintiff was actively resisting arrest or was attempting to evade arrest. *Guidorez v. City of San Antonio,* 139 F.3d 441, 447 (5th Cir. 1998). All Defendants are not entitled to qualified immunity. Each Defendant's "entitlement to qualified immunity must be considered on an *individual* basis." *Randle v. Lockwood,* No. 16-50393, 2016 U.S. App. LEXIS 20326, at *11 n.7 (5th Cir. Nov. 10, 2016) (citing *Meadours v. Ermel,* 483 F.3d 417-22 (5th Cir. 2007)," *Brown v. Wilkinson Cnty. Sheriff's Dep't,* CIVIL ACTION No. 5:16-cv-124-KS-MTP (S.D. Miss. Apr. 24, 2017). To determine whether a governmental official is entitled to qualified immunity for an alleged constitutional violation, we must look to the two-prong analysis enumerated in *Saucier v. Katz,* 533 U.S. 194, 121 (2001). Qualified immunity is not applicable when the official's conduct violates a clearly established constitutional rights. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citing *Anderson,* supra, at 640, 107 S.Ct. 3034).

Here, there can be no doubt that an injury occurred, as Mr. Tilman suffered trauma to his back, neck, wrist, face, and body as a whole, by the defendant Deputy Ivy and Chancelor. Taking into consideration the totality of circumstances present and supported by evidence, namely that Plaintiff was not engaged in any criminal activity at the time of his encounter with the defendants, prior to being arrested. [Doc. 18 at 13].

**III.     Failure to Supervise, Train or Discipline: Sheriff Kemp**

Plaintiff reiterates all previous arguments offered concerning the supervisory liability of Sheriff Kemp, as it relates to the named individual defendants. "A supervisor may also be liable for failure to supervise or train if" (1) the supervisor either failed to supervise or train the subordinate official; 2) a causal link exists between the failure to train or supervise and the

violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Id*. (quoting *Goodman v. Harris Cnty*., 571 F.3d 388, 395 (5th Cir. 2009)).

Defendants continue to disregard the allegations that Sheriff Kemp instructed deputies to beat Plaintiff once he was apprehended. The Fifth Circuit has held when individuals perform police functions, and a jury can find that a violation of the constitution has occurred, a jury could also reasonably find that "officers [are] liable for their integral participation in the violation." *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989)(citing Creamer v. Porter, 754 F.2d 1311, 1131-17 (5th Cir. 1985)); see also *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).This is also tantamount to the type of "direct involvement" the Sixth Circuit has held is required to hold a supervisor liable for the misconduct of his/her subordinates. *Hall*, 932 F.2d 1147, 1154 (6th Cir. 1991)(holding a supervisory official's failure to supervise, control, or train the offending individuals is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it). Lastly, the Fifth Circuit has held "a complaint alleging that a police supervisor has notice of culpable conduct of his subordinates and has failed to prevent a recurrence of such misconduct states a §1983 claim." *Sims v. Adams*, 537 F.2d 829, 832 (5th Cir. 1976)(citing *Chestnut v. City of Quincy*, 513 F.2d 91 (5th Cir. 1975).

Defendants contend that there are no such allegations which point to Sheriff Kemp's direct involvement and the claims asserted under theories of vicarious or supervisory liability are due for dismissal. However, the Amended Complaint clearly indicates Sheriff Kemp directed his Deputies to beat Plaintiff. [Doc. 38 at ¶ 16].  Further, the Amended Complaint also alleges actionable claims in regards to Sheriff Kemp's disregard for continued misconduct, so much so, misconduct could be deemed a pattern and practice. *Id*. at ¶ 32. Thus, the summary judgment on these claims are subject to denial by this Honorable Court.

IV.  *Monell* **Claims: Clarke County**

"To establish liability against a county, a claimant must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, nad (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 247-49 (5th Cir. 2003). Sheriff Kemp instructed the defendant deputies to cause harm to Plaintiff immediately upon apprehending him. Thus, Sheriff Kemp was the moving force behind violation of Plaintiff's constitutional rights.

Plaintiff concedes to all defendants, except Defendant Deputy Anthony Chancelor as it relates to this claim.

**V.  Plaintiff's state law claims against County Defendants (in their official capacities) are not barred by the immunities and protections of the Mississippi Tort Claims Act.**

Plaintiff concedes to the following defendants: Deputies Rawson, Lewis, Evans, and Touchstone.

**VI.  State Law Claims: Assault and Battery**

**Plaintiff's state law claims against Defendant Officers (in their individual capacities) are not barred by the immunities and protections of the Mississippi Tort Claims Act.**

In this matter, County Defendants (deputies) were within the scope of their employment when Plaintiff was chased, vehicle struck, and detained at the behest of their superior, Sheriff Kemp. However, County Defendants (deputies) were outside the scope of their employment by chasing and assaulting Plaintiff when he was not performing any criminal act. Consequently, Plaintiff's state law claims against County Defendants (in their individual capacities) are not barred by the immunities and protections of the Mississippi Tort Claims Act.

Plaintiff concedes to the following defendants: Deputies Lewis, Rawson, Evans, and Touchstone.

## CONCLUSION

Plaintiff adequately stated the aforementioned claims in the complaint and such claims were supported by facts consistent with the assertions in the complaint. Additionally, a jury should be afforded the opportunity to determine if Defendants' actions caused Plaintiff damages. Therefore, Defendants' motion should be denied.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendants' motion. Plaintiff also prays for all other general relief this Court deems to be fair and just.

THIS, the 22nd day of November, 2021.

**MARQUIS TILMAN, Plaintiff**

**By:**    _/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

William R. Allen, Esq.
wallen@aabalegal.com
Jessica S. Malone, Esq.
jmalone@aabalegal.com
Allen, Allen, Breeland and Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39601
*Attorney for Defendants*

THIS, the 22nd day of November, 2021.

         */s/ Carlos E. Moore*
         CARLOS E. MOORE, ESQ.