IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARQUIS TILMAN**                                                                                  **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 2:20-CV-10-KS-MTP

**CLARKE COUNTY,** *et al.*                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendants' Motion for Partial Summary Judgment [80]. Specifically, the Court grants summary judgment as to 1) Plaintiff's § 1983 claims against the individual Defendants in their official capacities; 2) Plaintiff's § 1983 excessive force claims against the individual Defendants Lewis, Rawson, Touchstone, Evans, and Chancelor; 3) Plaintiff's § 1983 failure-to-intervene claims against the individual Defendants Lewis, Rawson, Touchstone, Evans, and Ivy; 4) Plaintiff's § 1983 claim that Defendant Kemp failed to supervise, train, or discipline the Deputy Defendants; 5) Plaintiff's § 1983 claims against Clarke County; and 6) Plaintiff's state-law claims against all Defendants.

### I. BACKGROUND

This is a Section 1983 case arising from the alleged use of excessive force by law enforcement officers. Plaintiff led Clarke County law enforcement officers on a car chase before they eventually caught and arrested him. He alleges that Sheriff Todd Kemp instructed his deputies to beat Plaintiff once they caught him, and that the deputies did so. Plaintiff filed this lawsuit, naming Clarke County, Sheriff Kemp,

and numerous Deputies as Defendants. He asserted a variety of claims under federal and state law, some of which were previously dismissed. *See Tilman v. Clarke County*, 514 F. Supp. 3d 884 (S.D. Miss. 2021). Defendants filed a Motion for Partial Summary Judgment [80] on some of the remaining claims, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra*

*Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A. *Official Capacity Claims*

First, Defendants argue that Plaintiff's claims against the individual Defendants in their official capacities should be dismissed as duplicative of the claims against the County. Plaintiff concedes this point. Therefore, the Court grants Defendants' motion as to Plaintiff's § 1983 claims against the individual Defendants in their official capacities.

#### B. *Excessive Force – 42 U.S.C. § 1983*

Next, Defendants argue that Plaintiff has insufficient evidence to support a federal claim of excessive force against any of the Deputy Defendants except Defendant Ivy. In response, Plaintiff concedes that his excessive-force claims against Defendants Lewis, Rawson, Touchstone, and Evans should be dismissed. Therefore, the Court grants Defendants' motion as to Plaintiff's excessive-force claims against those individual Defendants. However, Plaintiff argues that the record contains evidence to support an excessive-force claim against Defendant Chancelor.[1]

"To prevail on a Section 1983 excessive force claim, a plaintiff must establish:

---

[1] Plaintiff also argues that the record contains evidence to support an excessive-force claim against Defendant Ivy, but Defendants did not move for summary judgment on that claim.

3

(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Shepherd v. City of Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019).

> Though some injuries are so minor that they are insufficient to satisfy the injury element as a matter of law, an injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible – that is, objectively unreasonable under the circumstances. The objective reasonableness of the force, in turn, depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible. Specifically, the court should consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). The inquiry is "confined to whether the officer was in danger at the moment of the threat that resulted in the" use of force. *Shepherd*, 920 F.3d at 283. "[A]ny of the officers' actions leading up to the [use of force] are not relevant." *Id.*

Plaintiff neither provided evidence in support of his opposition to Defendants' motion, nor cited any evidence already in the record to support his claim that Defendant Chancelor used excessive force. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Therefore, the Court grants Defendants' motion as

4

to Plaintiff's excessive-force claim against Defendant Chancelor because Plaintiff failed to direct the Court to any evidence supporting it.

### C.     *Failure to Intervene – 42 U.S.C. § 1983*

Defendants also argue that Plaintiff has insufficient evidence to support a failure-to-intervene claim against any of the Deputy Defendants except for Defendant Chancelor. Plaintiff concedes that his failure-to-intervene claims against Defendants Lewis, Rawson, Touchstone, and Evans should be dismissed. Therefore, the Court grants Defendants' motion as to Plaintiff's failure-to-intervene claims against those individual Defendants. However, Plaintiff argues that the record contains evidence to support a failure-to-intervene claim against Defendant Ivy.[2]

"An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

Plaintiff neither provided evidence in support of his opposition to Defendants' motion, nor cited any evidence already in the record to support his claim that Defendant Ivy failed to intervene. As noted above, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not

---

[2] Plaintiff also argues that the record contains evidence to support a failure-to-intervene claim against Defendant Chancelor, but Defendants did not move for summary judgment on that claim.

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458. Therefore, the Court grants Defendants' motion as to Plaintiff's failure-to-intervene claim against Defendant Ivy because Plaintiff failed to direct the Court to any evidence supporting it.

### D.     *Failure to Supervise, Train, or Discipline – 42 U.S.C. § 1983*

Defendants argue that Plaintiff has insufficient evidence to support a claim of failure to supervise, train, or discipline against Defendant Kemp. In response, Plaintiff cites his allegations in the Amended Complaint.

A supervisory official can be held liable under § 1983 on a theory of supervisory liability "if (1) the supervisor affirmatively participates in the acts that cause the constitutional deprivation, or (2) the supervisor implements unconstitutional policies that causally result in the constitutional injury." *Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). "In order to establish supervisory liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.*

Plaintiff neither provided evidence in support of his opposition to Defendants' motion, nor cited any evidence already in the record to support his claim of supervisory liability against Defendant Kemp. As noted above, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to

articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458. Here, Plaintiff cites only the allegations of his Amended Complaint, but it is axiomatic that "pleadings are not summary judgment evidence." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Therefore, the Court grants Defendants' motion as to Plaintiff's claim that Defendant Kemp failed to supervise, train, or discipline the Deputy Defendants because Plaintiff failed to direct the Court to any evidence supporting it.

### E.   *Municipal Liability – 42 U.S.C. § 1983*

Defendants argue that Plaintiff has not presented sufficient evidence to support a claim of municipal liability under § 1983. Specifically, they argue that 1) Plaintiff has no evidence that Defendants deprived him of a constitutional right, and 2) that he has no evidence that the alleged deprivations were attributable to any County policy, practice, or custom. In response, Plaintiff argues that Sheriff Kemp instructed the Deputies to use excessive force, making him – a County policymaker – the moving force behind the constitutional violation.

The Fifth Circuit provided the following summary of the law concerning municipal liability under § 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in

7

> addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.
>
> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.
>
> Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.
>
> A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted). Under Mississippi law, a county's sheriff is its final policymaker for law enforcement decisions. *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996).

As for Defendants' argument that Plaintiff cannot establish a constitutional violation, the Court notes that Defendants have not moved for summary judgment as to the excessive-force claim against Defendant Ivy and the failure-to-intervene claim against Defendant Chancelor. Therefore, as those claims remain, Plaintiff may yet

8

establish a constitutional violation.

However, while Plaintiff argues that Defendant Kemp instructed the other Defendants to use excessive force, he neither provided evidence supporting this assertion, nor cited any evidence already in the record. Once again, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458. Here, Plaintiff cites the allegations of his Amended Complaint, but it is axiomatic that "pleadings are not summary judgment evidence." *Wallace*, 80 F.3d at 1047. Therefore, in the absence of any evidence to support a claim of municipal liability under § 1983, the Court grants Defendants' motion as to Plaintiff's § 1983 claims against Clarke County.

### F. *State-Law Claims*

First, Plaintiff apparently concedes that his state-law claims against Defendants Rawson, Lewis, Evans, and Touchstone in both their official and individual capacities should be dismissed. Therefore, the Court grants Defendants' motion with respect to Plaintiff's state-law claims against Defendants Rawson, Lewis, Evans, and Touchstone in their official and individual capacities.

Defendants argue that they are entitled to complete immunity from liability against Plaintiff's state-law claims because he was engaged in criminal activity at the

9

time of the events in question. In response, Plaintiff summarily asserts that he was not engaged in criminal conduct at the time of the events in question.

The Mississippi Tort Claims Act ("MTCA") provides, in relevant part:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

\* \* \*

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

MISS. CODE ANN. § 11-46-9(1)(c).

Defendants presented evidence that Plaintiff was engaged in criminal activity prior to the chase,[3] during the chase,[4] and at the time of the arrest.[5] In contrast, Plaintiff neither provided evidence supporting his opposition to Defendants' motion, nor cited any evidence already in the record.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458. Moreover, assertions in briefing and

---

[3] Exhibit L to Motion for Partial Summary Judgment [80-12], at 1.
[4] Exhibit A to Motion for Judgment on the Pleadings [17-1].
[5] *Id.* at 3-4.

"pleadings are not summary judgment evidence." *Wallace*, 80 F.3d at 1047. Therefore, the Court finds that there is no genuine dispute of material fact on this issue, and it grants Defendants' motion as to Plaintiff's state-law claims against all Defendants.

Defendants also argue that Clarke County and the individual Defendants in their official capacities are immune from liability against Plaintiff's state-law claims of assault and battery. Plaintiff provided no meaningful response to this argument.

The MTCA provides that government employees "shall not be considered as acting within the course and scope of [their] employment . . . for any conduct" constituting "fraud, malice, libel, slander, defamation or any criminal offense." MISS CODE ANN. § 11-46-7(2); MISS. CODE ANN. § 11-46-5(2). Assault and battery fall within these excluded categories of tort claims, as they constitute "some form of malice or criminal offense." *Brown v. Wilkinson County Sheriff's Dep't*, 2017 WL 1479428, at *8 (S.D. Miss. Apr. 24, 2017); *see also Holloway v. Lamar County*, 2015 WL 9094531, at *5 (S.D. Miss. Dec. 16, 2015); *Lewis v. Marion County*, 2013 WL 3828522, at *1 (S.D. Miss. July 23, 2013). Therefore, Clarke County and the individual Defendants in their official capacity are immune from liability as to Plaintiff's state-law assault and battery claims.

### IV. CONCLUSION

For the reasons above, the Court **grants** Defendants' Motion for Partial Summary Judgment [80]. Specifically, the Court grants summary judgment as to 1) Plaintiff's § 1983 claims against the individual Defendants in their official capacities;

11

2) Plaintiff's § 1983 excessive force claims against the individual Defendants Lewis, Rawson, Touchstone, Evans, and Chancelor; 3) Plaintiff's § 1983 failure-to-intervene claims against the individual Defendants Lewis, Rawson, Touchstone, Evans, and Ivy; 4) Plaintiff's § 1983 claim that Defendant Kemp failed to supervise, train, or discipline the Deputy Defendants; 5) Plaintiff's § 1983 claims against Clarke County; and 6) Plaintiff's state-law claims against all Defendants.

SO ORDERED AND ADJUDGED this 15th day of December, 2021.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE