**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARQUIS TILMAN**                                                        **PLAINTIFF**

**v.**                                                        **Civil Action No.:** 2:20-cv-10-KS-MTP

**CLARKE COUNTY, SHERIFF TODD
KEMP, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BENJAMIN IVY, IN HIS INDIVIDUAL
CAPACITY, AND DEPUTY ANTHONY CHANCELOR,
DEPUTY RYAN EVANS, DEPUTY AUSTIN TOUCHSTONE,
DEPUTY JUSTIN RAWSON, AND DEPUTY BILLY
LEWIS, IN THEIR INDIVIDUAL CAPACITIES
AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFIALS WHOSE IDENTITIES
ARE CURRENTLY UNKNOWN**                                         **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONSE IN OPPOSITION
TO DEFENDANTS DEPUTY BENJAMIN IVY AND DEPUTY ANTHONY
CHANCELOR'S MOTION IN LIMINE**

COMES NOW, Plaintiff Marquis Tilman ("Plaintiff"), by counsel, and files this his

*Memorandum of Authorities in Support of Response in Opposition to Defendants Deputy Benjamin*

*Ivy and Deputy Anthony Chancelor's Motion in Limine*, and would state unto the Court as follows:

**INTRODUCTION**

This matter arises from a vehicle pursuit on March 25, 2019, between the Plaintiff and

Deputies Benjamin Ivy, Anthony Chancelor, Ryan Evans, Austin Touchstone, Justin Rawson, and

Billy Lewis. Once Plaintiff's vehicle came to a stop, he was brutally beaten by deputies of the

Clarke County, Mississippi [Doc. 38 at ¶18]. This action was initiated on January 21, 2020, and

has been amended twice. This Court dismissed all but the excessive force claim against Defendant

Benjamin Ivy and the bystander liability claim against Chancelor, subsequent to the submission of

dispositive motions, discovery, and defendants' filing of a motion for summary judgment. [Doc.

88].

Defendants Ivy and Chancelor now seek limitation of Plaintiff's counsel's questions and/or arguments concerning race, on the grounds that said questioning is an impermissible use of character evidence and irrelevant to Plaintiff's burden of proof. For all the reasons outlined herein, Plaintiff moves this Court to deny Defendants' Motion in Limine as to "all race-related topics."

## FACTUAL BACKGROUND

Plaintiff's counsel elicited testimony during the course of Defendants' depositions which were intended to gather a full picture concerning the subject incident, involving a black male who sustained injuries from police officials despite being restrained in handcuffs. The point of discovery is to ascertain additional information through investigation. It is undisputed that Sheriff Kemp went live on the radio scanner, instructing deputies to "shut Mr. Tilman down and beat him." Each defendant indicated that the behavior of Sheriff Kemp was unfamiliar. Plaintiff's counsel poses the questions and arguments relating to race, to find out what warranted such misconduct on the date that said officials had interactions with Plaintiff, a black male.

Deputy Ivy admitted in his deposition testimony that he has pushed an individual who was restrained in handcuffs. As a result of his actions, he was recommended for termination but was later reduced to a 30-day suspension.[1] Deputy Chancelor was asked certain questions during his deposition so that Plaintiff's counsel could further ascertain the mindset of defendant as it relates to situations of police brutality against civilians, specifically those of the African-American race. Defendant Chancelor also admitted that Sheriff Kemp told his deputies to shut Mr. Tilman down and beat him.[2] The point of Plaintiff's counsel line of questioning is to solely gain clarity and additional information about past instances where Ivy, Chancelor, or any of the previously dismissed individuals were accused of excessive force, committed excessive force, deliberately

---

[1] Ivy Depo., p.10:24-25; p.11:1-25; p. 12:1-4
[2] Chancelor Depo., p. 25:23-25, p. 26:1-2

stood by and did nothing, and the types of individual who accused him. Given the direct orders of a Sheriff on live radio transmission to shut down and beat an individual, it is only fair that Plaintiff's counsel be able to pose certain questions regarding race, especially when a black male suffers injuries following unconstitutional orders given by a sheriff to his deputies.

## STANDARD OF REVIEW

A motion *in limine* is a pre-trial motion made for the purpose of prohibiting, limiting or securing the admissibility of a particular piece of evidence. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 (5th Cir. 1977); *see also Bond Pharmacy, Inc. v. AnazoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012).

## ARGUMENTS

### I.     Use of Character Evidence

Defendants first ask the court to limit Plaintiff's counsel's questions and/or arguments before the jury concerning race: including but not limited to Defendants' interpersonal relationships with persons of other races; Defendants' memberships in social clubs, churches which Plaintiff's counsel deems to lack racial diversity; and all other race-related topics. Defendants also point to both Deputy Ivy and Chancelor's deposition testimony, wherein Plaintiff's counsel inquired into any past situations similar to the case at hand, inquired into the Sheriff's conduct in situations similar to the Plaintiff, and inquired into any complaints and/or disciplinary actions taken against the defendants. These type of questions were necessary elements to explore defendants' motive, intent, knowledge, and absence of mistake, based on Plaintiff's remaining claims of excessive force and bystander liability.

Rule 404 of the Federal Rules of Evidence provides: "Evidence of any other crime, wrong, or act may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Here, Plaintiff's counsel sole purpose for his line of questioning and arguments is to demonstrate motive, intent, knowledge, and absence of a mistake.

## II.    Relevance

"When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). Thus, Plaintiff's counsel line of questioning towards the defendants is necessary in order to prove the defendant deputies' conduct. Plaintiff's counsel should not limited on all race-related topics, especially since Plaintiff's counsel is fully aware of what is and is not admissible under the aforementioned Rules of Evidence.

Furthermore, Plaintiff's counsel is entitled to present evidence regarding the defendants' involvement and interactions with individuals similar to the Plaintiff or lack thereof, in accordance with Fed. R. Evid. 404(b)(2).

### A.    Excessive Force Claim: Deputy Ivy

Plaintiff will not elicit testimony that Defendant Ivy or Sheriff Kemp used racial epithets; however, testimony by Defendant Ivy about his own use of any epithets on the date of the subject incident or any time prior to may be relevant to this case. Plaintiff will also reserve the right to elicit such testimony concerning Sheriff Kemp's misconduct on the date of the subject incident and Deputy Ivy's use of excessive force against Plaintiff on the date of the subject incident.[3] Information regarding prior excessive force used on a black individual by said defendants is unequivocally relevant to Plaintiff's claims and far more probative than prejudicial. Thus, such information should not be limited or excluded.

---

[3] Ivy Depo., p.43:1-10

**B.    Failure to Intervene/Bystander Liability**

As argued above, it is unequivocal that race-related information exchanged during deposition and trial testimony is relevant and probative in light of the pending claims against Defendants. Further, the use of this information at trial would be no more prejudicial to Defendants than any other evidence offered against any other Defendant which would tend to show the Defendants' liability. Thus, admission of any race-related questioning and/or arguments are not only relevant and probative, but its probative value substantially outweighs any prejudice perceived by the defendants.

"An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph v. Bartlett,* 981 F.3d 319, 343 (5th Cir. 2020).

Defendant Deputy Chancelor admits through deposition testimony that he as well as the other police officials involved with the instant action were instructed to beat Plaintiff by their supervisory, Sheriff Todd Kemp. Defendant Chancelor further states that he ignored the orders of Sheriff Kemp, but did nothing to stop any attack on Plaintiff, by the other deputies.[4] Therefore, Plaintiff's counsel should be permitted to inquiring about race-related topics.

**III.    Non-prejudicial Effect on the Defense**

Any concern that this Court may have that a jury will give greater weight or greater memory to testimony concerning race can be remedied by an appropriate limiting jury instruction, if necessary. It is the inherent province of a jury to give whatever weight to whatever evidence a jury deems proper. Further, if Defendants have concerns that "racially charged arguments or eliciting

---

[4] *Chancelor Depo,* p. 25:23-25; p. 26:1-25; pg. 19-25.

racially charged questions" before a jury, this is subject to cross-examination by counsel for Defendants. It would be improper and possibly rise to the level of reversible error to suppress questions and arguments relating to race, as the case at bar is premised on the Plaintiff's claims of excessive force and bystander liability by these aforementioned defendant deputies.

Moreover, Defendant Deputies Ivy and Chancelor were under the direct supervision of Sheriff Todd Kemp, who ordered his deputies to physically attack Plaintiff on a live radio transmission. Each of the defendants herein and/or individuals involved in the instant action adverse to the Plaintiff were white individuals. Such questions and responses are directly relevant to this action.

## CONCLUSION

For all of the aforementioned reasons, any mention of race, Defendants' character or conduct with regard to any similarities between this case and any high-profile case involving the use of force by officers against an African-American male, as evidenced by the line of questions regarding Defendant Deputy Ivy and Deputy Chancelor's prior involvement with similar circumstances during the course of their depositions, should not be excluded at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will deny Defendants' Motion in Limine, based upon the reasons, law, and logic set forth herein. Finally, Plaintiff prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 14th day of January, 2022.

**MARQUIS TILMAN, Plaintiff**

By:    _/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Jessica S. Malone, Esq.
jmalone@aabalegal.com
**Allen, Allen, Breeland & Allen, PLLC**
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
*Attorney for Defendants Deputy Benjamin Ivy & Deputy Anthony Chancelor*

THIS, the 14th day of January, 2022.

_/s/ Carlos E. Moore_____
CARLOS E. MOORE, ESQ.