IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARQUIS TILMAN**                                                           **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 2:20-CV-10-KS-MTP**

**CLARKE COUNTY,** *et al.*                                        **DEFENDANTS**

**ORDER**

The Court described the background of this case in two previous opinions. *See Tilman v. Clarke County*, 2021 WL 5936218, at *1 (S.D. Miss. Dec. 15, 2021); *Tilman v. Clarke County*, 514 F. Supp. 3d 884, 889 (S.D. Miss. 2021). The only claims remaining in this case are an excessive force claim against Defendant Ivy and a bystander liability claim against Defendant Chancelor.

Defendants filed a Motion in Limine [89], in which they argue that the Court should exclude a wide variety of evidence related to the parties' race. Plaintiff's counsel apparently asked numerous questions during Defendants' depositions about topics far afield from the factual issues presented by Plaintiff's claims. For example, counsel accused Ivy of having a "problem with black people" and accused the Sheriff of being a racist. Exhibit A [89-1], at 16-17, 50. Counsel also asked Ivy if he had ever been a member of the Klan, if he had ever used a racial epithet, if he had any black friends, if he considered himself a "redneck," and if any of Ivy's coworkers had ever used racial epithets. *Id.* at 17-23, 52. Plaintiff's counsel also asked Defendant Chancelor if "black lives matter," if he had ever used a racial epithet, if he had ever

been a member of any racially exclusionary group, if he had any black friends, and if he was aware of Mississippi's history of racism. Exhibit B [89-2], at 19-21, 35. Additionally, Plaintiff's counsel asked other deputies whether they attended private school, Exhibit E [80-5], at 5, and whether any black people went to their church. Exhibit F [80-6], at 17.

Defendants contend that all evidence and argument implying that Defendants were motivated by Plaintiff's race should be excluded from trial on the grounds that 1) such matters constitute impermissible character evidence, citing Rule 404; 2) they are irrelevant to the elements of Plaintiff's claims; and 3) their probative value is substantially outweighed by the danger of unfair prejudice, citing Rule 403.

In response, Plaintiff argues that this race-related evidence is admissible as evidence of Defendants' "motive, intent, knowledge, and absence of mistake," citing Rule 404(b)(2). Plaintiff also argues that this character evidence is admissible as an essential element of his claims, citing Rule 405(b). Plaintiff broadly argues that it is "unequivocal that race-related information . . . is relevant and probative in light of the pending claims against Defendants." Plaintiff apparently argues that any and all evidence or argument regarding race is relevant to his claims because the Defendants are white law enforcement officers and he is an African-American.

A.  *Relevance*

As noted above, the only claims remaining in this case are an excessive force claim against Defendant Ivy and a bystander liability claim against Defendant

Chancelor.

First, "[t]o prevail on a Section 1983 excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Shepherd v. City of Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019). To determine the reasonableness of the force, the Court "should consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). The inquiry is "confined to whether the officer was in danger at the moment of the threat that resulted in the" use of force. *Shepherd*, 920 F.3d at 283. "[A]ny of the officers' actions leading up to the [use of force] are not relevant." *Id*. Moreover, the parties' race is not relevant to a claim of excessive force. *See, e.g. Cendan v. Trujillo*, 2020 WL 6149800, at *4 (S.D. Fla. Oct. 20, 2020); *Moore v. City of Houston*, 2019 WL 8886239, at *8 (S.D. Tex. Nov. 12, 2019).

As for the bystander liability claim, "[a]n officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

Therefore, the parties' race is wholly irrelevant to both of Plaintiff's remaining

3

claims. Indeed, in Plaintiff's Second Amended Complaint [38], he did not assert any claims of racial discrimination or profiling, and he did not allege the parties' races.

## B.  Rule 404

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a)(1). More specifically, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). Also, "[w]hen a person's character or character trait is an essential element of a . . . claim . . . , the character or trait may also be proved by relevant instances of the person's conduct." FED. R. EVID. 405(b).

Even if evidence related to the parties' race were relevant, it would still be inadmissible character evidence. FED. R. EVID. 404(a)(1), (b)(1). Plaintiff argues that such matters are relevant to Defendants' motive, intent, knowledge, and absence of mistake, citing Rule 404(b)(2). However, none of these issues are relevant to the elements of Plaintiff's claims. The jury will not be tasked with determining Defendants' motives or intent. Rather, they will simply be asked to determine whether Plaintiff has proven the elements of an excessive force claim and bystander

4

liability claim under § 1983. Likewise, Defendants' character or character traits are not essential elements of Plaintiff's claims, and Rule 405(b) is inapplicable.

For these reasons, the Court **grants** Defendants' Motion in Limine [89]. The Court excludes all race-related evidence, questioning, and argument similar to Plaintiff's counsel's questioning during the Defendants' depositions.

SO ORDERED AND ADJUDGED this 25th day of January, 2022.

        /s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE